⌐ 7   437⌐
| 15   153|

## UNITED STATES, RESPONDENT, *v.* JACOB J. WEST, APPELLANT.

CRIMINAL LAW.—JOINDER OF OFFENSES.—BIGAMY AND ADULTERY.— The joining of bigamy and adultery alleged to be upon the same day in two separate counts of one indictment, is a defect which must be taken advantage of, if at all, under the Territorial law by demurrer, and under section 1024, Revised Statutes, the indictment is good.

ID.—ID.—VERDICT FOR TWO OFFENSES.—It is not error to receive and enter a verdict upon both counts of one indictment when the first count charges a bigamy and the second count charges an adultery, since at common law, a defendant could be convicted of two distinct offenses at one trial if they were of one general nature and subject to like punishment.

ID.—ID.—JUDGMENT.—It is not error in such a case as the above for judgment to be pronounced upon both counts of the indictment in connection with both parts of the verdict.

ID.—SEPARATE OFFENSES.—BIGAMY AND ADULTERY.—The crime of

bigamy is complete with subsequent intercourse and therefore where a bigamy and adultery are both charged upon the same day, in two different counts of one indictment, there are two separate offenses specified in the indictment.

APPEAL from a judgment of conviction of the district court of the third district.

Section 1024, Revised Statutes, provides: " When there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments the whole may be joined in one indictment in separate counts; and if two or more indictments are found in such case the court may order them to be consolidated." See Gould and Tucker's Notes on Revised Statutes, p. 341, and authorities there cited. The two offenses are punishable as follows: Polygamy or ·bigamy by a fine of not more than five hundred dollars *and* by imprisonment for a ' term of not more than five years, adultery by imprisonment not more than three years.

Section 4933, 2 Comp. Laws 1888, section 153 Criminal Code, provides: "The indictment must charge but one offense, but the same offense may be set forth in different forms under different counts, and when the offense may be committed by different means, the means may be alleged in the alternative in the same count." Section 4972, 2 Comp. Laws 1888, provides, as one ground of demurrer to indictment, "that more than one offense is charged in the indictment, except as provided in section 4933 *supra*. Section 4980 provides that when defect appears on face of indictment such objection, as charging more than one offense, can only be taken by demurrer.

*Mr. H. V. A. Ferguson* and *Messrs. Baldwin and Tat-lock,* ·for the appellant.

*Mr. Charles S. Varian,* United States Attorney, for the respondent.

BLACKBURN, J.:

The defendant was indicted for two offenses, to-wit, bigamy and adultery, in one indictment in two counts. He did not demur to the indictment. He was convicted on both and sentenced on both charges. He appeals from the judgment, and assigns for error:

1. The uniting of two offenses in one indictment. This is untenable if the Territorial statute is applicable. It provides that this defect, if any, in the indictment must. be taken advantage of by demurrer. 2 Comp. Laws Utah, § 4972, subd. 3. If the Territorial statute is inapplicable, this indictment would be good under section 1024, Rev. St. U. S. It is good at common law. The prosecutor could *nolle* one count and proceed under the other, or the court could compel him to elect which count he would proceed under. Whart. Crim. Pl. § 290;. *U. S.* v. *Nye,* 4 Fed. Rep. 888.

2. The court erred in receiving and entering a verdict on both counts of the indictment. The proceedings at the trial are not preserved by a bill of exceptions, nor was a motion made for a new trial or in arrest of judgment, so that the errors at the trial, if any, cannot be reviewed by the appellate court. We only infer from the verdict that the appellant was tried on both charges. At common law, a defendant could be convicted on two distinct felonies at one trial if they were of one general nature, and subject to like punishment, (*Carlton* v. *Com.,* 5 Metc., Mass., 532,) and several judgments may be

rendered on the same, (*Kroer* v. *People,* 78 Ill. 294; *Fletcher* v. *People,* 81 Ill. 116).

3. The court erred in imposing judgment and sentence upon two crimes and two convictions upon the verdict. This is not error. Authorities as above.

4. That the court erred in splitting up one act so as to constitute two offenses, as appears from the face of the indictment. This contention is based on a false assumption. The indictment contains two counts: (1) For bigamy; (2) for adultery,—both alleged to have been committed on the same day with the same person. What the evidence was at the trial we do not know, for it is not preserved in the record; but it makes no difference, if the two offenses were committed on the same day, and with the same person. The bigamy was completed when the appellant, having a wife, married another in accordance with the forms and ceremonies and provisions of the statutes of the Territory; and we are bound to presume that the evidence showed this, or the verdict would not have been "Guilty,"—the evidence not appearing in the record. Sexual intercourse was not necessary to complete the offense. A marriage may be good if the parties never copulate. The crime of bigamy being complete, any sexual intercourse the appellant afterwards had with the woman constituted the crime of adultery, because the marriage was void, and they were to each other as if no marriage ceremony had been performed. This disposes of all the errors claimed in this case, and we see no error in the record.

The judgment is therefore affirmed.

Miner, J., concurred.