THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* THE COSMOPOLITAN FIRE INSURANCE COMPANY, Plaintiff in Error.

*Opinion filed October 28, 1910.*

1. CONSTITUTIONAL LAW—*section 23 of Municipal Court act is invalid in so far as it authorizes certain writs of error.* Section 23 of the Municipal Court act, in so far as it authorizes a writ of error from the Appellate Court to the municipal court in cases relating to the revenue or where the State is interested, as a party or otherwise, is unconstitutional, and such writs of error must be sued out of the Supreme Court under section 118 of the Practice act. (*Clowry* v. *Holmes*, 238 Ill. 577, *Hosking* v. *Southern Pacific Co.* 243 id. 320, and *People* v. *Hibernian Banking Ass'n*, 245 id. 522, adhered to.)

2. SAME—*power of legislature to provide for review of judgments.* The legislature may, in an act establishing a court, provide for a review of its judgments, and the practice on such review, without violating section 13 of article 4 of the constitution, which provides that no act shall embrace more than one subject, which shall be expressed in its title; but it does not follow that the legislature, in making provision for such review, may violate section 29 of article 6 of the constitution, requiring the jurisdiction, powers, proceedings and practice of all courts of the same class or grade to be general and of uniform operation.

3. SAME—*provisions governing courts of same class or grade must be uniform.* Under section 29 of article 6 of the constitution, provisions of law relating to the jurisdiction, powers, proceedings and practice of all courts of the same class or grade must be general and of uniform operation, whether such provisions are contained in one act or several acts; and it is not competent for the legislature to provide that if a suit is brought in a certain court the judgment shall be reviewed by the Supreme Court but if brought in another court shall be reviewed by the Appellate Court.

4. SAME—*municipal court of Chicago is a city court within the terms of Appellate Court act and Practice act.* If the municipal court of Chicago is a city court for the purpose of its creation, it must be regarded as a city court within the terms of the Appellate Court act and Practice act in order to enable it to exist at all.

5. SAME—*power of legislature to prescribe practice for municipal court extends no further.* The legislature did not derive its

power to create the municipal court of Chicago from the constitutional amendment of 1904, which is section 34 of article 4 of the constitution, but from its constitutional authority to create courts in and for cities and incorporated towns, and the power to prescribe a practice in such municipal court different from other city courts does not extend to a writ of error, which is a new suit in the court of review.

6. TAXES—*tax on net receipts of insurance company is a tax.* The net receipts of an insurance company are personal property and are to be listed by the board of assessors and board of review and taxed the same as other property, and such tax is a personal property tax and not merely a license to do business in the State.

7. SAME—*net receipts of insurance company are properly listed as "property not enumerated."* Net receipts of an insurance company are properly listed under the heading "all other property not enumerated," and in such case the assessment is an assessment of property and not merely an assessment against the company, which neither the board of assessors nor board of review could make.

8. SAME—*what does not show that the assessment was void.* While a tax-payer has a right to show that he did not own the property assessed against him, yet in case of an assessment of the net receipts of an insurance company under the heading "all other property not enumerated," testimony of the insurance company's agent that the company had no personal property in the county the year of the assessment does not show the assessment was void.

9. SAME—*what is presumed where the assessments have been changed by board of review.* Where it appears that the assessment made by the board of assessors was raised by the board of review in one year and lowered by it another, it will be presumed that the officials did their duty and that the tax-payer had notice of the increase the first year and made application for the reduction the next, and that there was a hearing before the board of review in each year by the owner actually assessed.

10. SAME—*error in name does not affect validity of tax.* The fact that an assessment of net receipts of an insurance company described the company as the "Cosmopolitan Insurance Company" instead of the "Cosmopolitan Fire Insurance Company," there being a notation of the agency, which identified the company intended, does not affect the validity of the tax.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. JOHN H. HUME, Judge, presiding.

NEWMAN, NORTHRUP, LEVINSON & BECKER, (HIRAM T. GILBERT, ARTHUR B. SCHAFFNER, and CHESTER E. CLEVELAND, of counsel,) for plaintiff in error.

HARRY A. LEWIS, County Attorney, (LOUIS J. BEHAN, of counsel,) for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The municipal court of Chicago rendered judgment against the Cosmopolitan Fire Insurance Company, plaintiff in error, for $853.54 and costs in a suit brought by the People of the State of Illinois, defendant in error, under section 230 of the Revenue act, for personal property taxes for the years 1907 and 1908. A writ of error was sued out from the Appellate Court for the First District to obtain a reversal of the judgment, and as the cause related to the revenue and the State was interested as a party, it was transferred, on motion of the defendant in error, to this court. The plaintiff in error thereupon made its motion to re-transfer the cause to the Appellate Court, with directions to consider the cause upon its merits.

Section 23 of the act establishing the municipal court of the city of Chicago provides that a writ of error to review a judgment of that court shall be sued out of this court in all cases in which a franchise, a freehold or the validity of a statute or the construction of the constitution is involved and out of the Appellate Court in all other cases. In several cases we have held that section to be in conflict with the constitution and therefore void, and that writs of error in cases relating to the revenue or in which the State is interested, as a party or otherwise, must be sued out of this court under section 118 of the Practice act, (*Clowry* v. *Holmes,* 238 Ill. 577; *Hosking* v. *Southern Pacific Co.* 243 id. 320; *People* v. *Hibernian Banking Ass'n,* 245 id. 522;) but counsel for plaintiff in error are

of the opinion that those cases were erroneously decided and insist that they should be overruled. A further consideration of the question in the light of the argument of the learned counsel serves to confirm us in the belief that those decisions were right. The points made in the effort to overthrow them are, first, that the legislature may, in an act in relation to a court of original jurisdiction, designate the court or courts to which appeals or from which writs of error must be prosecuted for the review of its judgments, and prescribe the methods of procedure to be followed by the appellate tribunals in reviewing such judgments, without violating the constitution; second, that section 23 of the Municipal Court act does not violate the provision of the constitution requiring uniformity of jurisdiction, powers, proceedings and practice of all courts of the same class or grade, because the courts therein designated and the methods of review are different from the courts designated and the methods prescribed for the review of similar judgments of other courts; third, that the municipal court of Chicago is not a city court within the meaning of the provisions of the Appellate Court act and the Practice act conferring upon Appellate Courts their jurisdiction and regulating their procedure.

The first proposition is correct, and the legislature may, in an act establishing a court, provide for a review of its judgments, and the practice on such review, without violating section 13 of article 4 of the constitution, providing that no act shall embrace more than one subject, which shall be expressed in the title. That was the precise question decided in *Fleischman* v. *Walker,* 91 Ill. 318, where the question was submitted to the court whether an act entitled "An act to amend an act entitled 'An act in regard to practice in courts of record,'" violated that provision of the constitution. The word "practice" is a general term, covering modes of trial and review of judgments and transfers from one court to another, and it was held that all

such matters were embraced within the general terms of the act under consideration. Conceding that the first proposition is correct, however, does not in any way affect the question whether the legislature, in making provisions for the review of judgments, may violate section 29 of article 6 of the constitution. Provisions as to jurisdiction, powers, proceedings and practice of all courts of the same class or grade must be general and of uniform operation, whether contained in one act or numerous acts.

Under the second proposition counsel argue that the practice in the Appellate Courts of the State may be as multiform and heterogeneous as the cases to be reviewed and of as many varieties as the number of courts of original jurisdiction whose judgments are under review, provided the practice in each particular case is the same in all the Appellate Courts. It is true that appeals from justices of the peace are tried *de novo* in the circuit court; that chancery cases are tried differently from actions at law, and in some cases the regularity of proceedings is determined by an inspection of the record certified to the court; but the jurisdiction and practice in the different classes of cases are uniform in all courts of the same class or grade. It does not follow that the legislature would be authorized to provide that an appeal from one justice of the peace or county or probate court should be taken to a court of one class or grade and tried in one way, and that appeals from others justices or county or probate courts should be taken to some other court or tried in some other way. It would be destructive of the provision of the constitution to enact a law providing that if a suit was brought in one court the judgment could be reviewed by one appellate tribunal, but if it was brought in another court the judgment should be reviewed by some other court of appeal.

As to the third proposition, if the municipal court is a city court for the purpose of its creation and to enable it to exist at all it must be regarded as a city court within the

terms of the Appellate Court and Practice acts. The legislature did not derive power to create that court from the amendment, which is section 34 of article 4 of the constitution, but from the authority conferred in the constitution to create courts in and for cities and incorporated towns. (*Miller* v. *People,* 230 Ill. 65.) The amendment merely provided that if the General Assembly should create municipal courts in the city of Chicago the jurisdiction and practice of such courts should be the same as the General Assembly should prescribe. A writ of error is a new suit in the court of appeal, and the power to prescribe a practice in the municipal court different from other city courts extends no further. The motion to re-transfer the cause is denied.

On the trial the People offered in evidence the assessment rolls for the years 1907 and 1908, showing an assessment by the board of assessors in 1907 of "all other property not enumerated," $5000, followed in other columns with the full value, $5000, total assessed by board of assessors, $1000, and total assessed value as corrected by board of review, $5886. For 1908 the roll showed an assessment by the board of assessors of "all other property not enumerated," $40,000, followed in other columns with full value, $40,000, total assessed by board of assessors, $8000, and total assessed value as corrected by board of review, $5714. The collector's warrants for said years showing the taxes extended upon the assessments and the delinquencies were also offered in evidence. For the company the evidence consisted of the testimony of a general agent who represented it in Chicago that it did not have any personal property in Cook county in either of those years. The company was correctly described in the assessment roll for 1907, but in 1908 it was described as Cosmopolitan Insurance Company of New York, omitting the word "Fire" from the name but with a notation of the agency, which identified the company intended. Further-

more, the assessment in 1907 was raised by the board of review and in 1908 was reduced. The presumption always being that officials do their duty, it will be presumed that the plaintiff in error had notice of the increase in 1907 and made application for reduction in 1908, and that there was a hearing before the board of review in each year by the company actually assessed. At any rate, the error in the name did not affect the validity of the tax. (*Lyle* v. *Jacques,* 101 Ill. 644.) The company had a right to show that it did not own the property assessed against it, (*Weber* v. *Baird,* 208 Ill. 209,) and it is insisted that the testimony of the agent that the company had no personal property in Cook county in 1907 or 1908 proved the assessment void. That position is not correct, for the reason that the company was liable to taxation on the net receipts of its business in Chicago.

The view of counsel that the tax on net receipts is a license to do business in this State, and not a tax, is erroneous. The net receipts are personal property and are to be listed by the board of assessors and board of review and taxed the same as other property. *National Fire Ins. Co.* v. *Hanberg,* 215 Ill. 378.

But it is said that there was no assessment of property but only an assessment against the company. Neither an assessor nor board of review can charge a total value of property against an individual without assessing the property. (*Carney* v. *People,* 210 Ill. 434; *Weber* v. *Baird, supra.*) The Revenue act classifies property to be set down in a schedule under proper numbers. There are thirty-five classes of property of specific kinds and finally a class of all other property required to be listed. The assessments against this company were of all other property not enumerated in the other classes or columns. The net receipts of the business carried on by the company in Chicago could not be properly set down in the columns provided for the valuation of horses, cattle, sheep, hogs, watches, household

goods and the like, and not being included in any of the specific kinds of property enumerated in the other columns was properly assessed as other property not so enumerated. While an assessor or board of review is bound to set down in the proper column the assessed value of property and must assess property and not persons, there was no failure to comply with the law in that regard.

The judgment is affirmed.          *Judgment affirmed.*