PETER M. HOFFMAN, for use, etc., Appellant, vs. JENNIE S. PARADIS et al. Appellees.

*Opinion filed June 18, 1913.*

1. PRACTICE—*what is meant by the term "practice."* The term "practice," as used in the law, means that which regulates the formal steps in an action or judicial proceeding, and includes the modes by which a controversy may be transferred for review from one tribunal to another.

2. SAME—*a writ of error is ·a new suit in the court from which it issues.* A writ of error is a new suit in the court from which it issues, and under section 29 of article 6 of the constitution the time limited for suing out writs of error in the same class of cases must be uniform as to all courts to which the writ may issue.

3. CONSTITUTIONAL LAW—*thirty-day limit for suing out writ of error to municipal court is invalid.* The provision of the Municipal Court act requiring writs of error in certain classes of cases in the municipal court of Chicago to be sued out within thirty days after final judgment is in violation of section 29 of article 6 of the constitution, and is not within the scope of section 34 of article 4 of the constitution, authorizing the legislature to establish a special practice for the municipal court of Chicago.

4. COURTS—*time for suing out writ of error to municipal court is governed by the Practice act.* The time for suing out a writ of error from the Appellate Court or the Supreme Court to the municipal court of Chicago is a matter affecting the practice in the Appellate and Supreme Courts, and is therefore governed by the general Practice act and not by provisions of the Municipal Court act inconsistent therewith. (*Hosking* v. *Southern Pacific Co.* 243 Ill. 320, explained; *International Bank* v. *Jenkins,* 107 id. 291, distinguished.)

APPEAL from the Branch "D" Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. OSCAR M. TORRISON, Judge, presiding.

ULLMANN, HOAG & DAVIDSON, for appellant.

GUSTAV E. BEERLY, and E. C. MAPLEDORAM, (LEWIS RINAKER, and ELLIS S. CHESBROUGH, of counsel,) for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellant sued appellees in the municipal court of Chicago in a suit in replevin and recovered judgment for $30 and costs, January 20, 1912. July 8 of the same year a writ of error was sued out by appellant in the Appellate Court for the First District to review the judgment. On motion of the appellees the writ of error was dismissed by the Appellate Court for want of jurisdiction, because it was sued out more than thirty days after the rendition of the judgment in the municipal court. A certificate of importance having been granted by the Appellate Court, the case has been brought here on appeal.

Section 23 of the Municipal Court act provides, as to cases of the fourth and fifth classes, that "the time within which a writ of error may be sued out in any such case shall be limited to thirty days after the entry of the final order or judgment complained of." (Hurd's Stat. 1911, p. 717.) The sole question presented for consideration on this appeal is whether the above provision of the Municipal Court act limiting the suing out of a writ of error to thirty days is constitutional.

Section 117 of the Practice act provides that a writ of error may be sued out within three years "from the rendition of the decree or judgment complained of." (Hurd's Stat. 1911, p. 1787.) Section 29 of article 6 of the constitution requires that the jurisdiction, powers, proceedings and practice of all courts of the same class or grade must be general and of uniform operation. The jurisdiction of the several courts, the modes by which and the extent to which the controversy may be transferred for trial or for review from one tribunal to another, are included in what is called the "practice" of the courts. (*Lynn* v. *Lynn,* 160 Ill. 307; *Fleischman* v. *Walker,* 91 id. 318.) In law, the word "practice" is used as meaning that which regulates the formal steps in an action or other judicial proceeding;

"those legal rules which direct the course of proceeding to bring parties into the court and the course of the court after they are brought in." (31 Cyc. 1153, and cases cited; *Kring* v. *Missouri,* 107 U. S. 221; 1 Bishop on Crim. Proc.—3d ed.—sec. 2.) Manifestly, the bringing of a case on a writ of error from the trial court to the Appellate or Supreme Court must be included within the term "practice." To compel cases to be brought on writ of error from the municipal court to the Appellate or Supreme Court within thirty days after the rendition of the final order or judgment, and to permit similar cases from all other trial courts to be so brought within three years, would be in violation of the provisions of said section 29 of article 6 of the constitution, requiring uniform practice and procedure in the Appellate and Supreme Courts. This constitutional provision requires that all laws relating to courts shall operate uniformly on all cases in a particular court. Under section 34 of article 4 of the constitution the legislature is authorized to establish a different practice and procedure in the municipal court, only, from other courts of record in the State. But the suing out of a writ of error is a new suit, (*People* v. *Cosmopolitan Fire Ins. Co.* 246 Ill. 442,) and the practice and procedure in reference thereto are a part of the practice and procedure of the court out of which the writ of error is sued. Said section 34 of article 4 does not in any way apply to the practice or procedure in suing out a writ of error from the Appellate or Supreme Court. This court has several times held that various provisions of said section 23 of the Municipal Court act requiring a writ of error to be sued out in accordance therewith were in conflict with the constitution; that such writ of error must be sued out of this court or the Appellate Court under the provisions of the general Practice act. (*People* v. *Cosmopolitan Ins. Co. supra; People* v. *Hibernian Banking Ass'n,* 245 id. 522; *David* v. *Commercial Mutual Accident Co.* 243 id. 43; *Clowry* v. *Holmes,* 238

259 - 8

id. 577.) Unless those cases were wrongly decided, section 23 of the Municipal Court act, in so far as it limits to thirty days the time within which a writ of error may be sued out to review a final order or judgment of the municipal court, must be held unconstitutional and void. A further consideration of the questions involved leads us to re-affirm the principles set forth in those decisions.

Counsel for appellant rely on *Hosking* v. *Southern Pacific Co.* 243 Ill. 320. The constitutionality of this particular provision of the Municipal Court act was not passed upon in that case, that question not being necessary to a decision of the case, as the writ of error had been sued out within the thirty days. It was plainly stated, however, in that case, that the jurisdiction of the Appellate Court to review judgments of the municipal court did not depend upon the Municipal Court act.

It is argued that as the writs of error are new suits they can be held subject to valid statutes of limitation particular in their application, under the rule laid down by this court in *International Bank* v. *Jenkins,* 104 Ill. 143, and *Same* v. *Same,* 107 id. 291; that by similar reasoning a statute making a limitation in favor of persons recovering judgments in the municipal court of Chicago might be held valid as applying to all courts of review alike. It was there held that under a United States statute the limitation of two years as to suits by or against an assignee in bankruptcy would apply in any court where the question was raised. The basis of those decisions was that the Federal statute governed, the court saying in *International Bank* v. *Jenkins,* 107 Ill. on page 294: "Congress had the unquestioned power to adopt this provision governing the action of the States and their courts, because the power had been conferred on it by the Federal constitution. This is, then, a rule by which the State courts are governed and to which the State statutes must yield." That reasoning is not applicable here.

The judgment of the Appellate Court is reversed and the cause remanded to that court, with directions to hear and dispose of the case upon its merits.

*Reversed and remanded, with directions.*