THE COUNTY OF COOK *et al.* Appellants, *vs.* THE COLUMBIA
INSURANCE COMPANY OF JERSEY CITY, Appellee.

*Opinion filed February 24, 1928.*

1. INSURANCE—*tax on net receipts of foreign insurance company is treated as a personal property tax.*   The tax on the net receipts of a foreign fire insurance company under section 30 of the act of 1869 is treated as a personal property tax, and the net receipts are to be listed by the board of assessors and the board of review and taxed the same as other property.

2. TAXES—*the collection of taxes cannot be enforced by bill in equity.*   As the assessment and collection of taxes is exercised only by or under authority of the legislature and the decision of the person or body invested with power to determine the value of property for purposes of taxation is not, in the absence of fraud, subject to supervision of the judiciary, a county or city cannot by bill in equity compel the payment of taxes by an accounting to ascertain the sums of money due, and where the property owner has failed to list property as required by law and the taxing officers have failed or refused to perform their duties the remedy is by writ of *mandamus.*

3. SAME—*assessing officer must make an independent valuation where owner fails to list property.*   If a tax-payer fails to submit the information concerning his property which the law requires for purposes of assessment and taxation, the assessing officer is authorized to make an independent valuation.

4. CONTRACTS—*contract to perform public duty is not implied.*   The law does not imply a contract to perform a duty owing to the government, the public or individuals merely because of the existence of the duty.

FARMER, DUNN and THOMPSON, JJ., specially concurring.

APPEAL from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

ROBERT E. CROWE, State's Attorney, FRANCIS X. BUSCH, Corporation Counsel, LEON HORNSTEIN, WILLIAM H. DUVAL, CLAIR E. MORE, C. PAUL TALLMADGE, HECTOR A. BROUILLET, and ADOLPH WEINER, (HIRAM T. GILBERT, and BRUNDAGE, LANDON, HOLT & BOORD, of counsel,) for appellants.

CHARLES S. DENEEN, ROBERT J. FOLONIE, and FREDERIC D. SILBER, (CHARLES WOODWARD, of counsel,) for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The county of Cook, the city of Chicago, the South Park Commissioners, the Sanitary District of Chicago and the Forest Preserve District of Cook county filed their bill of complaint in equity in the superior court of Cook county against the Columbia Insurance Company of Jersey City, New Jersey, a foreign fire, marine and inland navigation insurance company having an agency in the town of South Chicago, in the city of Chicago, to compel it to pay taxes upon the net receipts of that agency for the period from May 1, 1899, until May 1, 1924. The defendant interposed a general and special demurrer to the bill. The demurrer was sustained, the bill was dismissed for want of equity, and the complainants prosecute this appeal.

This suit is based upon section 30 of the act entitled "An act to incorporate and to govern fire, marine and inland navigation insurance companies doing business in the State of Illinois," approved March 11, 1869, which, as amended by act approved May 31 and effective July 1, 1879, (Cahill's Stat. 1925, p. 1405; Smith's Stat. 1925, p. 1482;) provides: "Every agent of any insurance company, incorporated by the authority of any other State or government,

shall return to the proper officer of the county, town or municipality in which the agency is established, in the month of May, annually, the amount of the net receipts of such agency for the preceding year, which shall be entered on the tax lists of the county, town and municipality, and subject to the same rate of taxation, for all purposes—State, county, town and municipal—that other personal property is subject to at the place where located; said tax to be in lieu of all town and municipal licenses; and all laws and parts of laws inconsistent herewith are hereby repealed: *Provided,* that the provisions of this section shall not be construed to prohibit cities having an organized fire department from levying a tax, or a license fee, not exceeding two per cent, in accordance with the provisions of their respective charters, on the gross receipts of such agency, to be applied exclusively to the support of the fire department of such city."

The bill of complaint is framed upon the theory that the duty or obligation created by section 30, although called a tax, is not a tax in the strict sense of that term but that it is the compensation which the foreign insurance company is required to make to the State and to the various municipalities for the privilege accorded it of transacting business in the State, and hence that the duty or obligation which the appellants are seeking to enforce is a contractual one. The prayer of the bill is that the court ascertain and fix for each year of the period in question the amount of the net receipts of the designated agency which were not entered upon the tax lists of Cook county and upon which no taxes have been extended, or if extended have never been paid; that the court compute, or cause to be computed, the sums of money which by virtue of section 30 the appellee should have paid; that a decree be entered requiring the appellee to pay to the State of Illinois and to the appellants their respective proportions of such sums, with interest, and that unless such payment shall be made within a time fixed by

the decree, the appellee be enjoined from the transaction of business within the State other than such as may be necessary to comply with or to perform its existing policies of insurance.

It is unnecessary to consider at length the appellants' contention that the obligation of a foreign insurance company under section 30 is contractual. The net receipts of such a company are personal property and are to be listed by the board of assessors and the board of review and taxed the same as other property. (*People* v. *Cosmopolitan Fire Ins. Co.* 246 Ill. 442; *National Fire Ins. Co.* ,v. *Hanberg,* 215 id. 378.) Such a tax is a personal property tax and is not a mere license to do business in this State. (*People* v. *Cosmopolitan Fire Ins. Co. supra.*) Likewise, it was determined in *Hanover Fire Ins. Co.* v. *Harding,* 327 Ill. 590, that section 30 imposes a tax on the net receipts of foreign insurance companies engaged in business within the State; that such receipts, when returned to the taxing officers, are to be treated as personal property and that the assessment thereon is a personal property tax, subject to debasement and equalization as other personal property; and that when the tax imposed is so assessed, section 30 is not subject to the objection that it discriminates against foreign insurance companies, nor, in that event, does it deny the equal protection of the laws.

Section 1 of article 9 of the constitution reads: "The General Assembly shall provide such revenue as may be needful by levying a tax, by valuation, so that every person and corporation shall pay a tax in proportion to the value of his, her or its property—such value to be ascertained by some person or persons, to be elected or appointed in such manner as the General Assembly shall direct, and not otherwise; but the General Assembly shall have power to tax * * * insurance, telegraph and express interests or business, vendors of patents, and persons or corporations owning or using franchises and privileges, in such manner

as it shall from time to time direct by general law, uniform as to the class upon which it operates."

The power to impose burdens and to raise money is the highest attribute of sovereignty. It is a legislative power, and can be exercised only by or under the authority of the legislature. (*Meriwether* v. *Garrett,* 102 U. S. 472; *Rees* v. *City of Watertown,* 86 id. 107; *People* v. *Millard,* 307 Ill. 556; *Burton Stock Car Co.* v. *Traeger,* 187 id. 9; *Keokuk Bridge Co.* v. *People,* 185 id. 276.) The person or body elected or appointed, pursuant to section 1 of article 9 of the constitution, to ascertain the value of property for purposes of taxation, is invested with the sole power to determine such value, and his or its decision in that respect is not, in the absence of fraud, subject to the supervision of the judiciary. *Keokuk Bridge Co.* v. *People, supra; Beidler* v. *Kochersperger,* 171 Ill. 563; *People* v. *Lots in Ashley,* 122 id. 297; *Ottawa Glass Co.* v. *McCaleb,* 81 id. 556; *Republic Life Ins. Co.* v. *Pollak,* 75 id. 292; *Spencer & Gardner* v. *People,* 68 id. 510.

The tax imposed by section 30 of the act of March 11, 1869, as amended May 31, 1879, is a tax which must be ascertained and collected in the same manner as taxes on other personal property are assessed and collected. (*Hanover Fire Ins. Co.* v. *Harding, supra.*) The function of taxing the net receipts of a particular agency of a foreign insurance company cannot be transferred from the taxing officers to a court of equity by the filing of a bill in chancery. (4 Cooley on Taxation,—4th ed.—sec. 1610; *School Directors* v. *School Directors,* 232 Ill. 322.) If a tax-payer fails to submit the information concerning his property which the law requires for purposes of assessment and taxation, the assessing officer is authorized to make an independent valuation. (*New York and Chicago Grain and Stock Exchange* v. *Gleason,* 121 Ill. 502; *Wabash, St. Louis and Pacific Railway Co.* v. *Johnson,* 108 id. 11.) If the officers whose duty it is to assess property for tax-

329—13

ation fail or refuse to perform that duty they may be compelled by *mandamus* to act, but no court can decide for them what their judgment is or ought to be. Assessors exercise a *quasi* judicial authority, and when property is to be taxed by value, the value must be determined by their judgment and not by the judgment of some other public officer or tribunal. 4 Cooley on Taxation, (4th ed.) sec. 1601; *Loewenthal* v. *People,* 192 Ill. 222; *People* v. *Webb,* 256 id. 364.

A distinguishing feature of a tax is that it is compulsory rather than a matter of bargain. Taxes are never founded on contract or agreement, express or implied, and are not dependent for their validity upon the individual consent of the persons taxed. (1 Cooley on Taxation,—4th ed.— secs. 3, 22.) The mere existence of the duty to pay taxes lawfully assessed is not different from any other duty owing to the government, the public or individuals, and the law does not imply a contract to do a thing merely because there is a duty to perform it. (*People* v. *Dummer,* 274 Ill. 637.) The appellants have no contract, express or implied, with the appellee, and a court has no power to direct an accounting, or, upon judicial inquiry, to ascertain the sums of money which the appellee may owe by virtue of the statute upon which this suit is based. It does not appear that the officers charged with the duty of levying the tax in question have refused to perform that duty. Even if they should refuse, the interposition of a court of equity would not be justified, for the remedy at law to coerce them would still be available. In a similar case (*Heine* v. *Levee Comrs.* 86 U. S. 655,) Mr. Justice Miller said: "The total failure of ordinary remedies does not confer upon the court of chancery an unlimited power to give relief. Such relief as is consistent with the general law of the land and authorized by the principles and practices of the courts of equity will under such circumstances be administered. But the hardship of the case, and the failure of the mode of procedure

established by law, is not sufficient to justify a court of equity to depart from all precedent and assume an unregulated power of administering abstract justice at the expense of well settled principles."

The decree of the superior court of Cook county is affirmed.

*Decree affirmed.*

FARMER, DUNN and THOMPSON, JJ., specially concurring:

We concur in the conclusion that the bill was properly dismissed for want of equity, but for the reasons given in our dissenting opinion filed in *Hanover Fire Ins. Co.* v. *Harding,* 327 Ill. 590, we do not agree with much that is said in the opinion of the court.