## LYTE v. DISTRICT COURT OF SALT LAKE COUNTY et al.

No. 5842.   Decided November 9, 1936.   (61 P. [2d] 1259.)

*J. R. Haas* and *N. E. Callister*, both of Salt Lake City, for plaintiff.

*Joseph Chez*, Atty. Gen., and *H. D. Lowry* and *B. E. Roberts*, Deputy Co. Attys., both of Salt Lake City, for defendants.

ELIAS HANSEN, Chief Justice.

Sam Lyte applied for and was granted a writ of certiorari to review a judgment of the district court of Salt Lake county, Utah. The judgment brought in question directed that Sam Lyte "be confined in the Salt Lake County Jail for a term of six months on the first count in the complaint and that you be confined in the Salt Lake County Jail for a term

of six months on the second count in the complaint, the second term of six months to commence at the expiration of the first six months." The record which was certified to this court, pursuant to the writ, shows that a verified complaint was filed in the city court of Salt Lake City, Utah, charging:

"That the said Sammy Lyte * * * on the 9th day of April, A. D. 1936 * * * did commit the crime of keeping for sale alcoholic beverages, in violation of section 114, chapter 43, Laws of Utah 1935, he having theretofore been convicted of a violation of said section 114, as follows, to-wit: That the said Sammy Lyte, at the time and place aforesaid, did wilfully and unlawfully keep for sale an alcoholic beverage, to-wit: whiskey, at the Tourist Hotel, 48 West 1st South Street, Salt Lake City, Salt Lake County, State of Utah; he, the said Sammy Lyte, prior to the commission of the offense above set out, to-wit: on the 17th day of February, 1936, in a criminal action before the City Court of Salt Lake City, Salt Lake County, State of Utah, wherein the State of Utah was plaintiff, and he, the said defendant Sammy Lyte, was defendant, having been duly convicted of a violation of section 114, chapter 43 Laws of Utah 1935; * * * Second Count: Did commit the crime of selling alcoholic beverages, in violation of section 114, chapter 43, Laws of Utah 1935, he having theretofore been convicted of a violation of said section 114, Laws of Utah, 1935, as follows, to-wit:

"That the said Sammy Lyte, at the time and place aforesaid, did wilfully and unlawfully sell an alcoholic beverage, to-wit: Did deliver for value one pint of whiskey to W. Johnson; he, the said Sammy Lyte, prior to the commission of the offense set out, to-wit; on the 17th day of February, 1936, in a criminal action before the City Court of Salt Lake City, Salt Lake County, State of Utah, wherein the State of Utah was plaintiff, and he, the said defendant Sammy Lyte, was defendant, having been duly convicted of a violation of section 114, chapter 43, Laws of Utah 1935. * * *"

A trial was had without a jury before the city judge acting as ex officio justice of the peace. The transcript of the proceedings of the city court shows that such "Court finds Defendant guilty of charge as set forth in the complaint." The defendant was sentenced by the city court to serve six months in the county jail. An appeal was taken from that judgment to the district court of Salt Lake county. A trial was there

had before the court sitting with a jury, which, at the conclusion of the trial, rendered the following verdict:

"We, the Jurors impaneled in the above case, find the defendant guilty of unlawfully keeping for sale an alcoholic beverage as charged in the first count of the complaint. We also find the defendant guilty of selling an alcoholic beverage as charged in the second count of the complaint."

In due time sentence was imposed, as heretofore indicated in this opinion.

Plaintiff in this court (defendant in the court below), claims that the district court exceeded its jurisdiction in imposing two sentences of six months each upon him. It is urged by Mr. Lyte that the complaint charges but one offense stated in two counts; that if two separate offenses are stated in the complaint, then and in such case the act purporting to authorize such practice contravenes article 6, § 26, subds. 6 and 18, Constitution of Utah. It will be observed that the city court found "defendant guilty of charge as set forth in the complaint," and imposed a sentence of six months in jail. It would seem that the city judge, ex officio justice of the peace, construed the complaint as charging but one offense because he found defendant guilty of a charge and imposed but one sentence, the term of which is fixed by the act under which the prosecution was had. It, however, is not urged by Mr. Lyte that the city court found him guilty of but one offense, and that therefore he was, as a matter of law, acquitted of the other charged offense. If such a contention were advanced and could be successfully maintained, it might well follow that the appeal to the district court was merely from the charge of which he was convicted in the city court, and therefore the district court was without jurisdiction to try or sentence him for more than one offense. As no questions such as those suggested are here argued, we shall not pass upon them in the present opinion. We suggest such questions because they are inherent in the record before us. The case may be ruled and the proper result reached by disposing of the constitutional question presented. Moreover,

the parties seem to be agreed that the constitutional question should be determined so that future prosecutions may be had in conformity with the conclusions reached. We shall, therefore, rule this case on the constitutional question.

It is clear that the complaint charged two offenses. It is so contended on behalf of the state. It is further contended by the state that two separate and distinct offenses may be charged in one complaint or information. In support of the state's position in such respect, reliance is had upon section 189, c. 43, Laws Utah 1935. It is there provided:

"Charges of several violations of this act committed by the same person may be included in one and the same complaint or information, but they must be separately stated and the warrant of arrest issued thereon must refer to each charge, but a failure to make such references shall not affect the validity of the warrant.

"A conviction for one or more of several offenses, set out in the same complaint or information, may be made under this act, although such offenses may have been committed on the same day, but the increased penalty or punishment hereinbefore imposed because of a prior conviction imposed shall only be incurred or imposed in the case of offenses committed on different days and after information or complaint laid for a first offense."

The constitutional provisions which Mr. Lyte claims the statute just quoted offends against read thus:

Article 6, § 26: "The Legislature is prohibited from enacting any private or special laws in the following cases: * * *

"6. Regulating the practice of courts of justice. * * *

"18. * * * In all cases where a general law can be applicable, no special law shall be enacted."

We have a general statute which provides:

"The information or indictment must charge but one offense, but the same offense may be set forth in different forms under different counts. * * *

"The defendant or defendants, or any of them, may be convicted of any offense charged in any of the counts joined as prescribed in the next preceding section; provided, that no person shall be convicted of more than one crime upon the same facts constituting such crime." Laws of Utah 1935, c. 118, 105-21-31 and 105-21-32, pp. 226, 227.

The provisions last quoted were enacted by the same Legislature that passed the act under which this prosecution was had. Those provisions, however, substantially in their present form, have been a part of our Code of Criminal Procedure long before the enactment of 1935. R. S. Utah 1898, title 76, c. 22, §§ 4734, 4735, pp. 978, 979, and R. S. Utah 1933, 105-21-7, 105-21-8. The general rule that but one public offense may be charged in an information or indictment applies to a complaint. R. S. Utah 1933, 105-10-1, 105-57-2, and 105-11-1; Laws of Utah 1935, c. 118, 105-21-1, p. 223. It will be observed from the foregoing provisions of our Code of Criminal Procedure that while the same offense may be set forth in different forms and different counts, still a defendant may be convicted and punished for but one offense notwithstanding the complaint or information contains several counts.

By the provisions of section 189 of the Liquor Control Act of 1935, the Legislature has attempted to make an exception to the general rule where the accused is charged with violations of the provisions of the Liquor Control Act. May such an exception, within constitutional limitations, be grafted upon the general code of criminal procedure? That is the question presented for determination. At the outset of our discussion, it is necessary to determine what is meant by the expression, "regulating the practice of courts of justice." In the case of *Blackmarr* v. *City Court of Salt Lake City*, 86 Utah 541, 38 P. (2d) 725, 727, it was held that "issuance and service of summons is embraced within the constitutional provision with respect to 'the practice of courts of justice.' " In the case of in re *McCormick's Estate*, 72 Or. 608, 143 P. 915, 144 P. 425, it is held that:

"Within Const. art. 4, § 23, prohibiting special laws regulating the practice in courts of justice, 'practice' means those legal rules which direct the course of procedure to bring parties into court, and the course of the court after they are brought in, and includes the formula by which the court's jurisdiction is first asserted and afterwards exercised in respect to any litigation in all its phases, till finally completed."

In *Hoffman* v. *Paradis*, 259 Ill. 111, 102 N. E. 253, it is held that:

" 'Practice' in law means that which regulates the formal steps in a judicial proceeding; the legal rules which direct the course of proceeding to bring parties into the court, and the course of the court after they are brought in."

The foregoing quotations are from the syllabi of those cases and reflect the law announced in the opinions. In 49 C. J. 1312, it is said that in law practice means

"the course of procedure in the courts, which, in a general sense, includes pleadings; the form, manner, and order in which proceedings have been and are accustomed to be had; the form, manner, and order of conducting and carrying on suits or prosecutions in the courts through their various stages, according to the principles of law, and the rules laid down by the respective courts; the law which regulates the formal steps in an action or other proceeding; the mode of proceeding by which a legal right is enforced, as distinguished from the law which gives or defines the right; the rules adopted by every court to facilitate the transaction of the business before it in a proper and orderly manner. Practice includes the formula by which jurisdiction is first asserted and afterward exercised in respect of any litigation in all its phases, until it is finally completed."

Numerous cases are collected in footnotes which support the foregoing quoted text. The doctrine announced in those authorities leads to the conclusion that to permit two or more separate and distinct charges to be joined in one complaint or information resulting in a trial of the various charges and, if established, the imposition of a separate sentence for each charge is "regulating the practice of courts of justice," within the meaning of our State Constitution. The law is well established that the Legislature has authority, within constitutional limitations, to make classifications when and only when the classification rests upon some ground of difference having a fair and substantial relation to the subject of the legislation. In the prevailing opinion in the case of *Blackmarr* v. *City Court of Salt Lake City*, supra, it was held that "a law to be valid providing for a departure from the general

law regulating the service of summons upon a defendant must 'rest upon some ground of difference having a fair and substantial relation to the object of the legislation so that all persons similarly circumstanced shall be treated alike.' " Under that doctrine there is no sound basis for placing those who may be charged with offending against the Liquor Control Act (Laws 1935, c. 43) in a class separate and apart from those who are charged with other offenses. One charged with any offense is, until proved guilty beyond a reasonable doubt, entitled to the benefit of the presumption of innocence. One accused of offending against the Liquor Control Act is entitled to a fair and impartial trial, the same as is one accused of some other offense. To permit two or more charges to be lodged in one complaint or information against one accused of violation of the Liquor Control Act is calculated to deny to such an accused the same kind of a fair and impartial trial that is accorded to one accused of some other infraction of the law where but one offense may be charged. Thus there is a well-established rule of law (subject to some exceptions which need not here concern us) that evidence is not admissible to show that an accused has committed a crime or crimes other than the one charged.

Under that provision of the Liquor Control Act which is here under review that salutary rule of evidence would, in great part, be destroyed. Moreover, the provision here brought in question permits those whose duty it is to enforce the Liquor Control Act to charge but one offense notwithstanding there is sufficient evidence to justify charging two offenses. Thus, the procedure or practice to be followed in two similar cases depends upon the whim or caprice of the pleader. The constitutional provisions relied upon by Mr. Lyte were intended to prohibit the Legislature from permitting such practice in courts of justice. That part of the Liquor Control Act which permits charges of several violations of the Liquor Control Act committed by the same person to be included

in one and the same complaint or information offends against article 6, § 26, subds. 6 and 18, of our State Constitution. That part of the act must, therefore, fail.

It follows that the court below exceeded its jurisdiction when it imposed two sentences upon Sam Lyte. This cause is remanded to the district court of Salt Lake county, Utah, with directions to vacate the second sentence of the plaintiff herein (defendant in the court below) to serve six months in the county jail of Salt Lake county, Utah, and to amend its commitment accordingly.

FOLLAND, EPHRAIM HANSON, and MOFFAT, JJ., concur.

WOLFE, J., being disqualified herein, did not participate.