## ROGERSON v. HARRIS.

No. 7018. Decided February 20, 1947. (178 P. 2d 397.)

See 24 C. J. S. Criminal Law, Sec. 1567; 9 Am. Jur. 268. Several counts charging separate offenses, note 99 A. L. R. 783. See, also, 27 Am. Jur. 688.

*Abe W. Turner,* of Provo, and *Jesse K. Smith,* of Salt Lake City, for plaintiff.

*Grover A. Giles,* Atty. Gen., and *Herbert F. Smart,* Asst. Atty. Gen., for defendant.

WOLFE, Justice.

Habeas corpus to determine the legality of further detention of plaintiff in the Utah State Prison.

By information filed September 5, 1942, plaintiff was charged with the crimes of burglary in the second degree, grand larceny, and of being an habitual criminal. The crimes were set out in separate counts of the information.

At the trial the evidence revealed that plaintiff entered a garage with intent to steal and that he stole an automobile worth sufficient to make the crime grand larceny.

On November 13, 1943, he was found guilty of burglary in the third degree and grand larceny. He was sentenced to be imprisoned in the state prison

"for the indeterminate term in such cases made and provided by law for such crime of burglary in the third degree," and "for the indeterminate term in such case made and provided by law for said crime of grand larceny, said sentences to run consecutively."

The plaintiff contends that under the provisions of Sections 105-21-31 and 32, U. C. A. 1943, he could be legally convicted of only one offense as only one information was filed against him and as only one transaction was involved. His theory is that the offense for which he was legally convicted and sentenced was burglary in the third degree and that the conviction and sentence for grand larceny was void. He contends that since he has served the maximum time (3 years—Section 103-9-6) for burglary in the third degree his further detention is unlawful.

Section 105-21-31, U. C. A. 1943, provides as follows:

"Joinder of Offenses.

"The information or indictment must charge but one offense, but the same offense may be set forth in different forms under different counts; and when the offense may be committed by the use of different means, the means may be alleged in the alternative in the same count; provided, that an information or indictment for larceny may contain also a count for obtaining money by false pretenses, a count for embezzlement, and a count for receiving or buying stolen property, knowing it to be stolen; that an information or indictment for forgery may contain a count for uttering a forged instrument, knowing it to be a forgery; that an information or indictment for robbery may contain a count for larceny; that an information or indictment for burglary may contain a count for house breaking and one for larceny, and an information or indictment for house-breaking may contain a

count for larceny; that an information or indictment for rape may contain a count for carnal knowledge of a female under eighteen years of age, and that an information or indictment for rape or assault with intent to commit rape, or carnal knowledge of a female under eighteen years of age, or attempt to commit the crime of carnal knowledge of a female under eighteen years of age, or crime against nature upon any person, or attempt to commit the crime against nature upon any person, may contain also a count for indecent assault."

That section provides that an

"information * * * must charge but one offense" with certain exceptions. Those exceptions include "an information * * * for burglary may contain a count for housebreaking and one for larceny."

In the case at bar burglary and larceny which grew out of one whole transaction were united in one information. It is obvious that such joinder is expressly authorized by Section 105-21-31. We might add that even though the joinder of these two offenses were not authorized by Section 105-21-31 the defendant having made no motion to quash the information for misjoinder waived any objection he might have to the uniting of the two offenses in one information. Sections 105-21-44, 105-23-3, 10. See *State* v. *Durfee,* 77 Utah 1, 290 P. 962; *State* v. *Anderton,* 69 Utah 53, 252 P. 280; *United States* v. *West,* 7 Utah 437, 27 P. 84.

Part of the rationale of our opinion in *Lyte* v. *District Court,* 1936, 90 Utah 369, 61 P. 2d 1259, seems to imply that a defendant can be convicted and punished for but one offense notwithstanding the information or indictment contains several counts charging different offenses. We need not review our decision in that case as the special joinder statute there involved has since been removed from our code. See Section 46-0-231, U. C. A. 1943. However, if the above mentioned implication is in the *Lyte* case it does not accurately reflect the law. The general joinder statute itself, Section 105-21-31 quoted above, expressly authorizes the uniting of certain offenses in one information or indictment. Further, the misjoinder of offenses in a information or indictment can be raised only by a motion to quash timely made and if a defendant does

not timely move to quash for misjoinder of offenses he waives his right to object to the information or indictment on that ground. See Sections 105-21-44, 105-23-1, 3 (g) and 10, U. C. A. 1943. Where the defendant is charged with more than one offense in one information or indictment whether rightly or because of misjoinder to which timely objection has not been taken he nevertheless cannot be convicted of

"more than one crime upon the same facts constituting such crime." Section 105-21-32, U. C. A. 1943.

Did the conviction and sentence of the plaintiff for both larceny and burglary contravene Section 105-21-32, U. C. A. 1943?

That section provides:

"The defendant * * * may be convicted of any offense charged in any of the counts joined as prescribed in the next preceding section; provided, that no person shall be convicted of more than one crime upon the same facts constituting such crime."

Section 105-21-32 in unequivocal terms authorizes conviction of a defendant of any offense charged in any of the counts joinable under Section 105-21-31. The only exception is

"that no person shall be convicted of more than one crime upon the same facts constituting such crime."

The clear meaning of Section 105-21-32 is that a defendant may be found guilty of more than one offense charged in the same information unless the same facts constitute both or all the crimes of which he is charged.

Do the same facts in this case constitute the crimes of burglary in the third degree and grand larceny?

Burglary in the third degree is defined as:

"Every person who, in the daytime, enters any dwelling house * * * or other building, * * * with intent to steal or to commit any felony whatever therein, is guilty of burglary in the third degree." Section 103-9-5, U. C. A. 1943.

Larceny is defined as:

"Larceny is the felonious stealing, taking, carrying, leading or driving away the personal property of another." Section 103-36-1, U. C. A. 1943.

The crime of burglary was perpetrated by the plaintiff's entering the garage with intent to steal. Had he been interrupted and prevented from taking the car, or, after entering, had he changed his mind and decided not to take the automobile he still would have committed the crime of burglary.

Larceny requires no "entering." The Crime is accomplished merely by taking the personal property ■ of another with intent to steal.

In this case burglary and larceny arose out of the same total transaction but the proof of the burglary stopped when the proof of the larceny started. Entirely different facts constitute the different crimes of which ■ the plaintiff was found guilty. The same facts therefore do not constitute the two crimes joined but different facts constitute different crimes. Conviction of the two crimes were therefore not prohibited by Section 105-21-32, U. C. A. 1943.

The plaintiff was legally charged with burglary and grand larceny. The convictions and sentences for the two crimes were regular. He is being detained in the state prison by virtue of those sentences.

The petitioner is remanded to the custody of the defendant, Warden of the Utah State Prison.

McDONOUGH, C. J., and PRATT, WADE, and LATIMER, JJ., concur.