368 P.2d 262

**STATE of Utah, Plaintiff and Respondent,**

v.

**Spike JONES, also known as George Lincoln Tillman, Defendant and Appellant.**

No. 9562.

Supreme Court of Utah.

Jan. 19, 1962.

Milo S. Marsden, Jr., Salt Lake City, for appellant.

Walter L. Budge, Atty. Gen., Ronald N. Boyce, Asst. Atty. Gen., for respondent.

HENRIOD, Justice.

Appeal from sentences after convictions of burglary and larceny allegedly committed at the same place, about the same time. Affirmed.

Appellant urges error in sentencing on both charges. He relies on Title 76–1–23, Utah Code Annotated 1953 [1] for reversal, and cites State v. Huntsman [2] in support. The Huntsman case reflects but *one* act accomplished against one female. In the

---

1. "An act or omission which is made punishable in different ways by different provisions * * * may be punished under any one * * * but in no case * * * under more than one."

2. Where the accused was charged with adultery, incest, fornication, rape and carnal knowledge, arising out of one act of intercourse with one female, in which case it was held there could be but one conviction, 115 Utah 283, 204 P.2d 448.

instant case the facts show 1) a breaking and entering *and* 2) a larceny. The entering did not include the larceny and the larceny independently was something else. Each offense required different acts, whereas in the Huntsman case a *single act* of intercourse constituted a violation of more than one *provision* of the criminal code. The cases are not analogous. One who enters unlawfully intending to commit murder is guilty of burglary in the first instance, but if his anticipated murder victim is not inside, the accused, nevertheless, would be guilty of larceny, a different offense involving different elements, if he stole, but failed in his attempt to murder. In the Huntsman case, if the sexual act had been followed by a killing, the accused no doubt could have been convicted and sentenced for both adultery *and* murder.[3]

The instant case seems to be governed by Rogerson v. Harris,[4] a case on all fours with that here. Repetition of the reasoning there need not be indulged here. We refer the reader to that case for the rationale we espouse here and as authority for our present conclusion.

WADE, C. J., and McDONOUGH, CALLISTER and CROCKETT, JJ., concur.

---

3. It is to be noted that 76–1–23, upon which appellant relies refers to *one* act or omission. Obviously a burglary in and of itself is *one* act, requiring no theft, and a larceny is *another* or second act requiring a theft.
4. 111 Utah 330, 332, 178 P.2d 397 (1947).