# Bowen v. The State.

### *Indictment for Burglary.*

1. *Burglary and larceny; when indictment only charges burglary.*—An indictment which charges that the defendant, with intent to steal, broke into the dwelling-house of a certain named person, and feloniously took and carried away certain personal property, specifically describing it without an averment of the ownership of such property, charges only burglary.

2. *Same; same; verdict of larceny operates as an acquittal of burglary.* Where the trial under such an indictment results in a verdict of grand larceny, the finding by the jury operates as an acquittal of the burglary charged.

3. *Same; same; former jeopardy.*—But such an acquittal of the larceny does not operate to bar a subsequent indictment for larceny.

APPEAL from the Circuit Court of Geneva.

Tried before the Hon. JOHN R. TYSON.

The appellant was tried upon the following indictment : "The grand jury of said county charge that before the finding of this indictment, Dave Bowen, with intent to steal, broke into and entered the dwelling house of Israel Robertson, and did feloniously take and carry away from the dwelling house of Israel Robertson four five dollar bills, commonly known and called greenbacks, of the paper currency of the United States of the value of twenty dollars, and one two dollar bill, commonly known and called greenbacks, of the paper currency of the United States of the value of two dollars, and eight

silver dollars of the value of eight dollars of the silver currency of the United States; and a trunk of the value of one dollar, all being of the aggregate value of thirty-one dollars, against the peace," &c.  The defendant demurred to the indictment as to grand larceny, upon the ground that "The ownership of the property alleged to have been stolen was not laid in said indictment." This demurrer was overruled, and upon the trial, the jury retured a verdict finding the defendant guilty of grand larceny, and judgment was rendered accordingly.

W. O. MULKEY, for appellant.—The demurrer to the indictment should have been sustained.  The defendant having been acquitted of burglary can not be subsequently convicted of larceny, that offense having been charged in the same count with the offense of burglary. *Adams v. State*, 55 Ala. 143; *Moore v. State*, 71 Ala. 308; *Gordon v. State*, 71 Ala. 315.

WILLIAM C. FITTS, Attorney-General, for the State.— The demurrer to the indictment was properly overruled. *Barber v. State*, 78 Ala. 19; *Snow v. State*, 54 Ala. 138; *Wolf v. State*, 49 Ala. 359.

BRICKELL, C. J.—It was doubtless the purpose of the pleader to charge in the single count, of which the indictment consists, the combined offenses of burglary and grand larceny.  But the count is wanting in an averment of the ownership of the goods alleged to have been stolen, and without such averment is wanting in an essential constituent of an indictment for larceny. When the criminating element of the crime of burglary is the intent to steal, if there is not only the criminal breaking, and entry, but a consummation of the evil intent, the felonious taking of the goods of another, the burglary and larceny are so clearly connected and so combined that the two may be charged in a single count of the indictment.—*Gordon v. State*, 71 Ala. 315.  The count must of necessity contain the averment of every fact necessary in a separate count for each offense; otherwise it cannot be construed as charging the combined offense, but the offense only of which the essential constituents are averred.  In its present form the count charges only burglary.  The finding by the jury of grand

larceny, operated an acquittal of the burglary.   The ac-
quittal will not operate to bar a subsequent indictment
for the larceny.

The judgment of the circuit court must be reversed
and the cause remanded.   The appellant will remain in
custody until discharged by due course of law.