(82 South. 631)

TYRA v. STATE.   (6 Div. 584.)

(Court of Appeals of Alabama.  June 17, 1919.)

1. CRIMINAL LAW  ⊜⇒351(1) — EVIDENCE — CONDUCT OF ACCUSED AFTER BURGLARY— AVOIDANCE OF FRIEND.

It having been shown that prior to the·burglary defendant was a frequent visitor at the house and on terms of confidence and friendship with the owner, a sudden breaking off of his visits immediately after the burglary was a circumstance admissible as tending to connect him therewith, on the theory of consciousness of wrong causing him to avoid a friend whom he had injured.

2. BURGLARY  ⊜⇒34 — EVIDENCE — DESCRIP· TION OF STOLEN ARTICLES.

On prosecution for burglary, it was competent to describe everything stolen at the time, and so to state that in a satchel taken were a certain number of pennies, without showing that they were lawful money of the United States.

3. BURGLARY  ⊜⇒31—EVIDENCE.

That on the night of the alleged burglary the door was heard to close and the dog barked and ran towards defendant's house are relevant circumstances, taken with other evidence, to establish a burglary and defendant's connection therewith.

4. BURGLARY  ⊜⇒31 — EVIDENCE — TIME.

As fixing the time of the alleged burglary, it was competent to show when a satchel containing money was missed from the house.

5. CRIMINAL LAW  ⊜⇒543(2) — EVIDENCE — TESTIMONY ON PRELIMINARY TRIAL.

Testimony as taken on the preliminary trial and subscribed by the witnesses was admissi-

ble; it being shown the witnesses were permanent residents of another state and came to Alabama only temporarily to testify on the preliminary trial, immediately afterwards leaving for their home.

**6. BURGLARY ⊕36 — EVIDENCE — POSSESSION OF MONEY.**

Evidence of gold pieces, shown to have been changed at banks by defendant at a time after the burglary when defendant had declared that he had had no gold money, was competent.

**7. BURGLARY ⊕41(7) — EVIDENCE — IDENTITY OF MONEY.**

Identity of money as that taken in a burglary may be proven by circumstantial evidence, and strict proof of identity is not necessary.

**8. BURGLARY ⊕41(7) — EVIDENCE — IDENTITY OF MONEY.**

Enumerated circumstances *held* to warrant conclusion by jury that gold pieces in evidence were a part of the money taken in the charged burglary.

**9. BURGLARY ⊕42(1) — EVIDENCE — POSSESSION OF STOLEN PROPERTY.**

That defendant was in the recent unexplained possession of money taken from a house at the time of the burglary warrants a conviction of the burglary.

**10. BURGLARY ⊕45 — RECENT POSSESSION OF PROPERTY—QUESTION FOR JURY.**

Whether defendant's possession of money taken in the charged burglary was recent is a question for the jury.

Appeal from Circuit Court, Marion County; C. P. Almon, Judge.

Joe Tyra was indicted on two counts for burglary and grand larceny. He was convicted on the burglary count, and from the judgment he appeals. Affirmed.

C. E. Mitchell, of Hamilton, for appellant. J. Q. Smith, Atty. Gen., and Horace Wilkinson, Asst. Atty. Gen., for the State.

SAMFORD, J. On the trial the defendant demurred to the grand larceny count, the court sustained the demurrer, and the case proceeded to trial on the burglary count.

[1] During the examination of Rayburn, the party whose house was alleged to have been burglarized, the witness was asked this question by the state: "After this money was missing, did he come any more?" In answer to this question the witness said: "The defendant only visited me twice after the time the money was missing, and I sent for him both times." The defendant objected to the question and moved to exclude that part of the answer, "I sent for him both times." It having been shown that the defendant was a frequent visitor to the house and on terms of confidence and friendship with the owner prior to the burglary, a sudden breaking off of these visits immediately after the burglary was a circumstance admissible in evidence as tending to connect the defendant with the commission of the offense. Pitman v. State, 148 Ala. 612, 615, 42 South. 993. It was for the jury to say whether the consciousness of a wrong committed caused the defendant to avoid the friend whom he had injured. This is a human characteristic not to be ignored in the administration of justice, and is but a recognition of the rule, "The guilty flee when no man pursueth."

[2] It was shown that at the time of the burglary there was a satchel stolen, containing four $20 gold pieces, one $5 gold piece, 111 pennies and some other money. The defendant moved to exclude from the jury the fact that there were 111 pennies, and excepted to the court's refusal to do so on the ground that it was not shown that the pennies were lawful money of the United States. The defendant was not indicted for the theft of the pennies, but for the burglary of the house, and it was competent to describe everything stolen at the time.

[3, 4] It was also competent to show that on the night of the alleged burglary witness heard the door close, and that the dog barked and ran back towards the defendant's house. These were relevant circumstances, taken in connection with other evidence, in establishing a burglary and the defendant's connection therewith. As fixing the time of the burglary, it was competent for the state to show when the satchel containing the money was missed from the house alleged to have been burglarized. All of the unusual noises heard in and about the house alleged to have been burglarized on the night of the alleged burglary, such as the opening of a door, the slamming of a door, the barking of the watchdog, the direction in which the dog ran in its apparent pursuit of some person—all of these facts were proper to go to the jury to be weighed by them, in connection with all the other evidence in the case, in determining whether a crime had been committed and fixing the responsibility for its commission.

[5] Objection was made by defendant to the introduction of the testimony of two witnesses taken on the preliminary trial of the defendant before the committing magistrate. It having been shown that these two witnesses were permanent residents of another state, and came to this state only temporarily for the purpose of testifying on the preliminary trial, immediately afterwards leaving for their homes, their testimony, as taken on the preliminary trial and subscribed by them, was admissible. 1 Mayf. Dig. p. 343, § 632 et seq.

[6-8] The admission in evidence of the two $20 gold pieces, shown to have been changed by the defendant at two separate banks in

Corrinth, Miss., at a period after the burglary had been committed, during which time the defendant had declared that he had had no gold money, was competent. The identity of money may be proven by circumstantial evidence, and strict proof of identity is not necessary. Underhill on Crim. Evidence, § 296. In this case, it having been shown by circumstances that a burglary had been committed; that at the time a satchel containing $20 gold pieces and other moneys had been stolen; that the defendant knew where the satchel containing the money was kept; that he was familiar with the surroundings; that he had been a frequent and friendly visitor to the house before the burglary; that he ceased his visits immediately after the burglary; that he declared he had not handled any gold money during the year; that he had falsified in this statement; that he had changed at different banks on the same day and in the same town the two $20 gold pieces introduced in evidence after the burglary, and during the period when he had denied having any gold money; that the dog on the night the burglary must have been committed, immediately after the slamming of the door, barked and ran in the direction of defendant's house—from these circumstances the jury might conclude that the two $20 gold pieces were a part of the money in the satchel at the time it was stolen.

[9, 10] If the jury so concluded from the evidence beyond a reasonable doubt, then the corpus delicti was established, and the fact that the defendant was in the unexplained possession of money stolen from the house at the time it was burglariously entered is evidence upon which the jury may convict the defendant of burglary. Neal et al. v. State, 53 Ala. 465; Orr v. State, 107 Ala. 35, 18 South. 142; 4 R. C. L. p. 449. In this case no explanation was tendered, and the question as to whether the possession was recent being for the jury (White v. State, 72 Ala. 195), the affirmative charge requested by the defendant was properly refused.

We find no error in the record, and the judgment is affirmed.

Affirmed.