## FITZPATRICK v. UNITED STATES.

### No. 5962.

Circuit Court of Appeals, Seventh Circuit.

Jan. 13, 1937.

Rehearing Denied Feb. 9, 1937.

Richard E. Westbrooks and Luis Kutner, both of Chicago, Ill., for appellant.

Michael L. Igoe, United States Atty., and Martin Ward and John J. Moreschi, Asst. United States Attys., all of Chicago, Ill., for the United States.

Before SPARKS, Circuit Judge, and LINDLEY and BRIGGLE, District Judges.

SPARKS, Circuit Judge.

Appellant was convicted on counts one, three and five of an indictment charging him with violation of the White-Slave Traffic Act, § 2, 18 U.S.C.A. § 398, and from that judgment this appeal is prosecuted.

We are first confronted with appellee's motion to strike the bill of exceptions and to dismiss the appeal on the ground that appellant has not complied with rule 9 of the Supreme Court (28 U.S.C.A. following section 723a), with respect to bills of exceptions in criminal cases. That rule provides that in cases other than those where the appeal is without a bill of exceptions, the appellant, within thirty days after taking the appeal, or within such further time as within that period of thirty days may be fixed by the trial judge, shall procure to be settled and shall file with the clerk of the court in which the case was tried, a bill of exceptions setting forth the proceedings upon which appellant wishes to rely in addition to those shown by the clerk's record as described in rule 8 (28 U.S.C.A. following section 723a).

The record here discloses that the case was tried before Judge Barnes of the District Court, and judgment was rendered by him on June 29, 1936, and notice of appeal was filed with the clerk of this court on July 3, 1936. On Saturday, August 1, 1936, Judge Holly of the District Court extended

the time thirty days for filing the bill of exceptions. On August 27, 1936, Judge Barnes granted a further extension of fifteen days from the time granted by Judge Holly, and on September 15, 1936, he again extended the time to and including September 30, 1936, on which last date the bill of exceptions was settled and filed.

The parties are not agreed as to the authority of Judge Holly to grant the first extension. It is not necessary, however, to pass·on that question, for in any event, the bill was not settled and filed within the time which he granted, and Judge Barnes had no authority to further extend it, under rule 9. Wainer v. United States, 87 F.(2d) 77, decided by this court January 6, 1937. We have no discretion in the matter, and the bill of exceptions is stricken from the record. Whether appellee's motion was insufficient for lack of notice to appellant is not material, for our duty under the circumstances is imperative, regardless of the motion.

The motion to dismiss must be overruled because certain questions are presented which are not based on the bill of exceptions.

The indictment was in six counts, and appellant's demurrer to, and motion to quash each was overruled, and at the close of the Government's evidence, counts 2, 4 and 6 were dismissed. The first count in substance charged that appellant, on March 4, 1936, in the Eastern Division of the Northern District of Illinois, unlawfully and feloniously transported Jeanette LaMond, a woman, from Chicago, Illinois, in and through said district to New York City, New York, for the purpose of prostitution. The third count charged substantially the same as the first except as to the purpose, which it alleged to be the giving of her up to debauchery and to engage in other immoral practices. Count five charged that appellant committed the same acts as set forth in the first and third counts with the intent and purpose to induce, entice and compel Jeanette LaMond, a woman, to give herself up to debauchery and to engage in certain other immoral practices. Instead of charging appellant with transporting her, it averred that he caused her to go from Chicago to New York.

Appellant's first contention is based on the court's ruling on the second, fourth, and sixth counts, but as they were dismissed they need not be discussed. As to the other counts, appellant concedes that they follow.

the wording of the statute, but he urges that neither the first, third, nor fifth count sets forth sufficient facts to definitely inform appellant of the nature of the crime with which he was charged. There is no merit in this contention. Appellant at no time applied for a bill of particulars, but entered upon the trial without other objection than to demur. He is in no position now to complain of the lack of alleged facts. Rinker v. United States (C.C.A.) 151 F. 755.

It is further contended by appellant that counts one, three and five are identical, and are supported by the same evidence, and require the same intent, and that therefore a sentence on each of those counts amounts to double jeopardy. The sentence was five years in the penitentiary and a fine of $2,500 on each count. The terms ran concurrently and the payment of one fine discharged the others. This was permissible. Ghadiali v. United States (C.C. A.) 17 F.(2d) 236; Schultz v. Biddle (C C.A.) 19 F.(2d) 478. There was no double jeopardy.

Judgment affirmed.