13 So.2d 693

### CROSSWHITE v. STATE.
### 8 Div. 291.

Court of Appeals of Alabama.
May 11, 1943.

Rehearing Denied May 24, 1943.

Merwin T. Koonce and A. A. Williams, both of Florence, and F. E. Throckmorton, of Tuscumbia, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The appeal in this case is from a judgment of conviction for the offense of assault with a weapon. The prosecution was based upon an indictment charging the defendant with said offense.

Before pleading to the merits of the indictment defendant interposed several pleas (former jeopardy), all of the same import, to be set out in the report of this case. These pleas, if and when proven, were a full, complete and conclusive answer to the charge contained in the indictment, for it is the law in this State that any act or omission declared criminal and punishable in different ways by different provisions of law, shall be punished only under one of such provisions, and a conviction or acquittal under any one shall bar a prosecution for the same act or omission under any other provision. Title 15, § 287, Code 1940.

The strict mandate of the fundamental law is, that no person shall, for the same offense, be twice put in jeopardy of life or limb. Const.1901, § 9. This law does not permit a single crime to be subdivided into two or more offenses, nor can a series of charges be based upon the same act.

By the demurrer, the State admits the allegations of the pleas above mentioned. Hurst v. State, 24 Ala.App. 47, 129 So. 714. And, as already stated, the pleas were a full and complete answer to the indictment, and this, under the law, supra, entitled the defendant to his discharge.

For the error of the court in sustaining the demurrer to the pleas of former jeopardy, the judgment of conviction from which this appeal was taken must be reversed, and the cause remanded.

The insistence of a variance between allegations and proof, as presented, is without merit.

Reversed and remanded.