13 So.2d 688

### DEAL v. STATE.

### 4 Div. 737.

Court of Appeals of Alabama.

May 11, 1943.

Rehearing Denied May 25, 1943.

Wm. N. McQueen, Acting Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment charged this appellant, and another, not on trial, with the offense of arson in the second degree. The indictment contained three counts, and the trial resulted in the conviction of appellant as charged in the second count, which reads as follows: "The Grand Jury of said County further charge that before the finding of this indictment that Arthur Kelly Deal and George Lee Scott, whose names are to the Grand Jury otherwise unknown, wilfully set fire to or burned, or caused to be burned, or aided or procured the burning of a building, to-wit, a factory or mill, the property of Abbeville Hosiery Company, Incorporated, a corporation."

Judgment of conviction was pronounced and entered from which this appeal was taken.

Upon the trial a large number of witnesses were examined and from the testimony it clearly appears that the State relied principally, if not wholly, upon circumstantial evidence as there was no direct testimony to show that the building in question was in fact wilfully set fire to or burned by any person. Likewise, there was no direct testimony to show, under the required rule, that the defendant, appellant here, committed the act complained of in the indictment.

The foregoing is practically conceded in brief of the Attorney General, representing the State. But in said brief it is insisted that evidence adduced upon the trial "should be enough to establish a scintilla of evidence showing appellant's guilt. Thus it should not be held error for the trial court's refusing the affirmative charge."

The scintilla rule has no application in a criminal prosecution, where the accused enters upon his trial clothed with the

W. L. Lee and Alto V. Lee, III, both of Dothan, for appellant.

presumption of innocence. Such presumption is evidentiary in its nature and by which the accused is accompanied throughout the trial, or until such period thereof, where his guilt is established by the evidence beyond a reasonable doubt and to a moral certainty; which means, in effect, there must be substantial legal evidence to prove all the elements of the offense charged.

Direct authority for the foregoing we cite the case of Ex parte Grimmett, 228 Ala. 1, 152 So. 263, where the court said: "The general rule, to which there are some exceptions, is that, on the trial of the issue in civil cases, the parties enter upon the trial, unaided by any presumptions, with the burden on the party asserting the affirmative of the issue, but in criminal prosecutions where the plea of not guilty is interposed, the defendant goes to trial attended by the presumption of innocence, which, under the uniform holdings of this court, is a matter of evidence which attends him through the trial. Bryant v. State, 116 Ala. 445, 23 So. 40; Newsom v. State, 107 Ala. 133, 18 So. 206."

■ We have hereinabove said, that the State, of necessity, relied upon circumstantial evidence to sustain the charge in the indictment. Where this is true, the oft announced rule must prevail. In our case of Roy v. State, 25 Ala.App. 510, 149 So. 713, this court said: "The evidence in this case is entirely circumstantial, and the law expressly provides, when the evidence is circumstantial, it must be so complete, so strong, so cogent, as to show guilt to a moral certainty. It must exclude every other reasonable hypothesis than that of the guilt of the accused. No matter how strong the circumstances, if they can be reconciled with the theory that the defendant did not commit the crime for which he is on trial, he should be acquitted."

The law is, a person charged with the commission of a felony should not be convicted unless the evidence excludes to a moral certainty every reasonable hypothesis of the defendant's innocence; no matter how strong the circumstances may appear, they do not come up to the full measure of proof which the law requires if they can be reasonably reconciled with the theory that the defendant is innocent. In other words, where a conviction is sought upon circumstantial evidence, the burden is on the State, and it is the duty of the State to show beyond all reasonable doubt, to the exclusion of every other reasonable hypothesis, every circumstance necessary to show that the defendant is guilty.

■■ In the instant case we have given careful consideration to all of the evidence adduced upon the trial, and are of the opinion that such evidence is hardly sufficient to even raise a suspicion of defendant's guilt, and the general rule must here prevail, which is, if the evidence raises a mere suspicion, or, admitting all it tends to prove, the defendant's guilt is left in uncertainty, or dependent upon conjecture or probabilities, the court should instruct the jury to acquit. The evidence should be of such character as to overcome, prima facie, the presumption of innocence.

In our case of Copeland v. State, 23 Ala.App. 91, 121 So. 445, (as pertinent here) this court said:

"Circumstantial evidence to be sufficient to justify a jury in convicting upon it, the circumstances proved must not only be consistent with the hypothesis that the accused is guilty, but inconsistent with the hypothesis that he is innocent, and inconsistent with every other rational hypothesis except that of his guilt.

"Moreover, as stated, for circumstantial evidence to be sufficient to justify the court in submitting the case to the jury, it must be of such a character as to overcome the presumption of innocence which is evidentiary in its nature, and which attends the accused when upon trial charged with the commission of a criminal offense."

■ We perforce, from what appears in this record, and from what has been said, must hold that the court erred to a reversal in refusing to give the affirmative charge which was seasonably requested in writing.

■ The foregoing covers fully the principal insistence upon this appeal, and is therefore conclusive. However, there was error also in the action of the court in refusing to give written charge (without number) which reads as follows: "The Court charges the jury that if you believe the witness Joe Hartley Wilfully swore falsely as to any material fact in this case, then you may within your province as jurors cast aside and disregard it in its entirety."

■ The action of the court in refusing the above charge is sought to be sustained upon the ground that the court gave a charge appearing on p. 38 of the record, which fairly and substantially covered the refused charge, supra. By adverting to a

186

purported charge on p. 38, we find it bears no endorsement of the trial judge and hence cannot be considered for any purpose. Little v. State, 23 Ala.App. 547, 129 So. 99; Stinson v. State, 223 Ala. 327, 331, 135 So. 571.

Reversed and remanded.

