THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* SIMON ZIPKIN, Defendant.

County Court, Monroe County, November 13, 1952.

*Simon Zipkin,* defendant in person.

*Clarence J. Henry, District Attorney (John C. Little, Jr.,* of counsel), for plaintiff.

O'MARA, J.   On December 22, 1950, in Monroe County Court, consecutive sentences were imposed upon the defendant for the crimes of forgery in the second degree and grand larceny in the second degree and the defendant now moves to set aside the said sentences upon the contention that the imposition of the separate sentences to run consecutively violated section 1938 of the Penal Law which provides that '' An act or omission which is made criminal and punishable in different ways, by different provisions of law, may be punishable under any one of those provisions, but not under more than one ''.

The defendant was found guilty on three counts set forth in the same indictment.   The first count charged forgery in the second degree in violation of section 887 of the Penal Law. The second count charged forgery in the second degree in violation of subdivision 3 of section 881 of the Penal Law and the third count charged grand larceny in the second degree in violation of sections 1290 and 1296 of the Penal Law.

The first count charged the defendant with forging a check in the sum of $125; the second count charged the defendant with uttering the said check and the third count charged the defendant with obtaining the amount specified in the check. Sentence was suspended on the second count.

The crimes of forgery and grand larceny are separate and distinct, both in law and in fact, and that being so the imposition of consecutive sentences for each of the said crimes does not violate the provisions of section 1938 of the Penal Law. (See *People* v. *Skarczewski,* 178 Misc. 160, affd. 287 N. Y. 826; and *People* v. *Erickson,* 302 N. Y. 461.)

The aforesaid offenses constitute different crimes, the commission of which requires separate and different criminal acts. Their nature and definition is such that they cannot merge in a single offense.   The sentences were lawfully imposed.   (Penal Law, § 2190, subd. 4.)

The case of *People* v. *Florio* (301 N. Y. 46) is cited as an authority to support the defendant's contention.   The legality of consecutive sentences was not a point at issue in the *Florio* case and the reference made in the last paragraph of the prevailing opinion must be considered as dicta.   The court merely set forth the settled practice pertaining to crimes of '' inclusion ''.   The decision in *People* v. *Savarese* (114 N. Y. S. 2d

816) has also been brought to my attention with the thought of sustaining the defendant's position. I do not find myself in agreement with the decision reached in the *Savarese* case and I do not believe that Judge SOBEL correctly analyzed the decision in the *Florio* case which he cites as the leading case in this State to sustain his conclusions.

The motion is denied.

Submit order accordingly.