THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* LESTER OLIVER, Appellant.

Third Department, May 15, 1957.

*John T. Delaney* and *Franklin P. Gavin* for appellant.

*George N. Meyl, District Attorney* (*Condon A. Lyons* of counsel), for respondent.

GIBSON, J. Defendant appeals from a judgment convicting him of the crimes of burglary in the first degree and assault in the third degree. The complaining witness, Mrs. Jane Sickinger, while living alone in an apartment, was awakened at about 2:30 A.M. and heard knocking on her door. She went to the door, opened it about an inch and saw standing there a man who said, " I am going to talk to John ", and thereupon, as he pushed the door open, " lunged " for her throat. He choked her, as she " scratched him and clawed him ", until she slumped to the floor. He then left. Apparently there was no one named John in the building and the motive for the assault remains unexplained.

Defendant attacks the sufficiency of the count of the indictment which accuses him " of the crime of Burglary in the First Degree in violation of Section 402 — Subdivision 4 of the Penal Law of the State of New York, committed as follows: The defendant in the City and County of Albany, New York, on or about the 14th day of January, 1954, with intent to commit therein the crime of Assault in the Second Degree, broke and entered the dwelling house of Jane Sickinger, there being therein at the time a human being, and while engaged in effecting such entrance as aforesaid did assault the said Jane Sickinger." By the first paragraph of said section 402, breaking and entering " in the night time " is made an element of the crime and the applicable provisions of subdivision 4, specified in the indictment, refer to an assault by a person " while engaged in the night time in effecting such entrance ".

It is contended that the omission from the indictment of the words " in the night time " was fatal. We hold to the con-

trary. As we said in *People* v. *Rosen* (251 App. Div. 584, 587, affd. 275 N. Y. 627): "The indictment need not set forth all the elements of the crime. (Code Crim. Proc. §§ 284, 285, 295-b, 295-c, 295-h.)" The defendant asserts, however, that sections 295-g and 295-h providing for a bill of particulars to supply the elements not pleaded are applicable only to the simplified form of indictment authorized by chapter III-A of which these sections are part, and that when the so-called long form is employed, all the elements of the crime must be pleaded. However, that contention was advanced and expressly rejected in the *Rosen* case (*supra*), where, as here, it was the long form of indictment which was in dispute. Although *People* v. *Bogdanoff* (254 N. Y. 16, 24) dealt with the simplified form and defendant would distinguish it on that ground, the court seems to have used language of general application in stating: "The problem of the sufficiency of an indictment assumes a new aspect when the Legislature provides that omissions from an indictment may be supplied by a bill of particulars which becomes part of the record of the accusation." In this case, counsel states with complete candor that he was aware of the omission and chose not to aid the prosecution in curing it, as might have been the result had he requested particulars as to the hour of the occurrence. Instead, he waited until the time was mentioned, during the District Attorney's *voir dire* examination of a prospective juror, and then for the first time moved to dismiss the indictment. Thus, there is no complaint that defendant was prejudiced (Code Crim. Pro., § 285) and from the specific references in the indictment to section 402 and to subdivision 4 of that section, he must have clearly understood that the commission of a crime in the nighttime was charged. We consider, further, that if the indictment might be deemed defective in the respect claimed, defendant waived his objection, not, as in *People* v. *Portner* (278 App. Div. 787) by an omission to object to the indictment, but, in a comparable manner, by his deliberate and considered failure to require particularization. It was said in the *Bogdanoff* case (*supra, p.* 31), with reference to a possible failure to request a bill of particulars, that "a voluntary failure to assert a right provided by statute constitutes a weak foundation for a claim that the statute deprives the accused of a constitutional right." The principle is equally applicable to the claim of deprivation of right here interposed as to the form of the indictment.

Defendant disputes the sufficiency of the evidence of identification. He was positively identified by Mrs. Sickinger and by the testimony of her neighbor, Miss Wolf, who saw the back

of the intruder's head, his hair, his "general figure" and his clothing, as he descended the stairs after leaving Mrs. Sickinger's apartment. When apprehended, the defendant had scratches upon his hands and was wearing a zipper jacket such as Mrs. Sickinger had described as worn by her assailant. The weight of the evidence of identification was for the jury (*People* v. *Spinello,* 303 N. Y. 193, 203; *People* v. *Trybus,* 219 N. Y. 18, 20) and we are unable to say that the surrounding circumstances rendered it incredible.

Defendant urges the absence of proof that the breaking and entering were with intent to commit the crime of assault. As defendant pushed the door open he "lunged" at Mrs. Sickinger's throat and assaulted her. From these and the other circumstances an intent existing at, if not before, the instant of the entry, was properly inferable. (See *People* v. *Chiaro,* 200 N. Y. 316, 319.)

There were errors in the reception of evidence. It was improper to permit a police officer who came to Mrs. Sickinger's apartment a few minutes after the assault to testify to her description of her assailant. (*People* v. *Deitsch,* 237 N. Y. 300; *Baccio* v. *People,* 41 N. Y. 265.) A witness was erroneously permitted to identify defendant as the man brought to Mrs. Sickinger's apartment by police. There was incompetent testimony by four witnesses that at that same time Mrs. Sickinger identified defendant in their presence. "When identification of any person is in issue, a witness who has on a previous occasion identified such person may testify to such previous identification." (Code Crim. Pro., § 393-b.) This statutory exception to the hearsay rule does not extend to the testimony of any person other than the one who made the identification. (*People* v. *Cioffi,* 1 N Y 2d 70.) This was the holding, also, in *People* v. *Trowbridge* (305 N. Y. 471) with the result that the trial court's reception of the testimony of a detective as to the complainant's identification of the defendant was accounted error so substantial as to require reversal, despite "the victim's positive and unequivocal trial identification of defendant" noted in the dissenting opinion (p. 478). What was said in the *Trowbridge* case as to the exaggerated effect upon the minds of lay persons of numerous repetitions of the fact of a prior identification, thus "endowing such proof with an undeserved aura of trustworthiness", seems especially appropriate here. Although but a part of the proof was objected to, we feel bound to hold that reversible error occurred in its reception, as the cumulative effect might well have been to cause the jury to give less than fair consideration to the various circumstances

which may have rendered difficult Mrs. Sickinger's and Miss Wolf's observation of the former's assailant.

In other rulings on evidence we find no error so substantial as to merit comment. The charge was complete and fair. Appellant complains of various comments made during the summation for the People. Some few of them, reflecting the pressures of a difficult trial and the zealous efforts of able counsel on each side, may approach or exceed the bounds of fair comment upon the evidence but discussion of them is unnecessary as it seems unlikely that they will be repeated on the new trial which is required on other grounds.

After the verdict of the jury was announced by the foreman, defendant requested a poll. When the name of juror number nine was called, she made no response. The court then inquired: "Juror number nine?" She answered, "I simply went along with the others." The court then questioned her specifically as to her finding and she answered, "Burglary in the first degree." A poll of the jury on the assault count of the indictment followed, without incident. Defendant's counsel then requested the court to inquire of juror number nine as to what she meant by her statement that she "simply went along with the rest." After brief discussion between the court and the juror, the latter said, "I didn't write down 'guilty'. I said I would go along with them, being I was the only one." The court again asked her to state her answer to the poll, whereupon she asked if she could talk to the Judge at the bench. The Judge said that he would talk with her there and she left the jury box and approached the bench where a discussion occurred which is not in the record. When the juror returned to the jury box, the court requested, "for the record", her answer to the poll and she announced as to the first count, "guilty as charged" and as to the second, "Assault third degree." The statement that the discussion at the bench was not within the hearing of defendant or his attorneys was made during the argument of a motion before the trial court and repeated here, without contradiction. In effect then, defendant was not present. (See Code Crim. Pro., § 356.) In any event, the incident offended against "the recognized rule that a trial judge ought not to communicate with any juror or prospective juror in the absence of counsel for all parties." (*People* v. *Jelke,* 284 App. Div. 211, 218, affd. 308 N. Y. 56.) Confident as we are that the able and conscientious Trial Judge brought no influence to bear upon whatever indecision may have disturbed the juror, concern there must be lest doubt or suspicion arise in other minds, to the prejudice of public confidence in

the fair and open administration of justice. We consider that error thus occurred.

The imposition of sentences of imprisonment to run consecutively was improper, as constituting double punishment within the prohibition of section 1938 of the Penal Law, providing: " An act or omission which is made criminal and punishable in different ways, by different provisions of law, may be punished under any one of those provisions, but not under more than one ". Although our reversal on other grounds renders academic the question of punishment, we express our view so that the error may not recur should the new trial result in convictions on both counts. Under the burglary count of the indictment as drawn, the People were required to prove, in addition to the other elements of the crime, that, while engaged in effecting entrance, defendant did, in fact, commit an assault. As has been noted, Mrs. Sickinger's assailant, in the very act of " forcing " open the door, as Mrs. Sickinger put it, lunged at her throat and choked her. His forward lunge, as he effected entrance, was the first of the acts of violence which seem to us so inseparable as to have comprehended but one assault. As thus constituted, the assault was an essential ingredient of the crime of burglary in the first degree, as pleaded and proven in this case, and accordingly was not separately punishable. Clear authority for the indictment and separate conviction upon the assault charge is to be found in *People ex rel. Maurer* v. *Jackson* (2 N Y 2d 259, 264), but there the principle was reiterated that " if there were an act which itself violated one statute and was a material element of the violation of another, there would have to be single *punishment.*" Although the *Maurer* case involved concurrent sentences, held not to constitute double punishment, that was not the sole basis of the decision and it was said that defendant's plea of guilt to the charges of attempted robbery in the first degree and assault in the second degree admitted the attempted robbery and an incidental assault constituting the element of force necessary to the robbery and, in addition, the separate assault of aiming and discharging a pistol with intent to kill, the latter act and concomitant intent being in no way essential to the crime of robbery. Clearly, separate assaults might similarly occur upon and following the commission of the crime of burglary in the first degree, but the evidence here discloses but one. Thus, we find untenable the People's contention that in forcing the door, as the complainant stood near or against it, defendant committed a simple assault, separate and distinct from the assault upon her person by use of his hands. In our view of the evidence, no support is afforded

this contention by section 406 of the Penal Law which does no more than to permit separate punishment for any burglary of a building and for a crime committed therein after entrance by burglary has been effected.

The attorneys assigned to defendant's defense by the trial court were assigned by us to prosecute this appeal. The record and briefs reflect their large expenditure of time and effort, with skill and conscientious concern for the rights of the defendant, in the best traditions of the profession.

The judgment of conviction should be reversed on the law and a new trial granted.

FOSTER, P. J., BERGAN, COON and HALPERN, JJ., concur.

Judgment of conviction reversed, on the law, and a new trial granted.