130 So.2d 348

**H. B. WILKERSON**

v.

**STATE.**

2 Div. 32.

Court of Appeals of Alabama.

Feb. 21, 1961.

Rehearing Denied March 28, 1961.

John W. Drinkard, Linden, for appellant.

MacDonald Gallion, Atty. Gen., and Jerry L. Coe, Asst. Atty. Gen., for the State.

PRICE, Judge.

The indictment contained three counts. Count one charged in the alternative that defendant assaulted Peggy Wilkerson with the intent to forcibly ravish, or with the intent to murder her. Count two charged assault with intent to ravish the said Peggy Wilkerson and count three charged assault with intent to murder her. The jury found defendant guilty under counts two and three. Judgment was entered on each count and separate sentences imposed as to each count.

In Ex parte State, 197 Ala. 419; 73 So. 35, 37, the concurring opinion states:

" * * * indictments may properly join several distinct offenses of the same character, each depending on separate transactions, or may join several counts charging different offenses of the same nature and character, and punished similarly, but all based on one transaction, being intended to meet different phases of the evidence; or there may be a joinder of such offenses in one count, charging in the

alternative, by authority of our statute. It has never been the practice in this state, however, to put a defendant on trial for separate and distinct transactions, nor to convict him of two or more offenses at one trial, though it is legally possible to do so if the indictment properly joins several offenses depending on separate transactions. It is not legally possible to do so, however, under an indictment which is based on only one transaction."

■ The state cannot split a single offense into two or more parts and convict the offender for each of such separate parts. Art. 1, Sec. 9, Constitution of 1901; Gordon v. State, 71 Ala. 315; Landers v. State, 26 Ala.App. 506, 162 So. 550.

" 'In State v. Chinault, 55 Kan. 326, 40 P. 662, an information was filed in the district court of Wyandotte county charging defendant with the offense of assault with intent to kill. While that case was pending and undetermined, the defendant was prosecuted and convicted in the Wyandotte court of common pleas of the offense of assault with intent to rob. In the latter case, the defendant had filed a plea in abatement, setting up the undisputed fact that the identical delinquency was the basis of the action pending against him in the district court. This court reversed the judgment of conviction. In the opinion it was said: 'Both informations charge offenses under the same section of the statutes, viz. section 38 of the act regulating crimes and punishments. Both informations refer to the same acts, the only difference being that a different criminal purpose is attributed to the defendant. We think

under this section the substantive offense is the assault. The intent with which it was committed characterizes it and determines its degree of criminality. Only one prosecution can be maintained under this section for the same assault, whatever the purpose of the defendant may have been.' " State v. McLaughlin, 121 Kan. 693, 249 P. 612, 613. See also Jackson v. State, 136 Ala. 96, 33 So. 888; Ratley v. State, 188 Ala. 107, 66 So. 147.

The defendant was charged under Section 38, Title 14, Code 1940, which reads in pertinent part:

"Any person who commits an assault on another, with intent to murder, maim, rob, ravish, or commit the crime against nature, * * * shall, on conviction, be punished, * * *."

It is evident both from the indictment and the evidence that the several counts are different ways of charging the same offense, joined for the purpose of meeting the different aspects in which the evidence might present a single transaction.

As was said in the Chinault case, supra, the assault was the substantive offense, and only one conviction may be had under Section 38, Title 14, Code 1940, supra, based on a single assault, whatever the purpose of the defendant may have been.

It follows that the trial court was in error in receiving the jury's verdict finding the defendant guilty under counts two and three of the indictment.

Insofar as the doctrine enunciated in Lawson v. State, 33 Ala.App. 333, 33 So.2d 405, is in conflict with the opinion here, it is hereby overruled.

Reversed and remanded.