165 So.2d 396

**Charles Lane WILDMAN**

v.

**STATE.**

**2 Div. 67.**

Court of Appeals of Alabama

May 14, 1963.

Rehearing Denied and Judgment Modified Nov. 5, 1963.

John W. Drinkard, Linden, for appellant.

Richmond M. Flowers, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

CATES, Judge.

Wildman went to trial on four indict-ments returnable to the Marengo Circuit Court:

1) Case No. 5337, a charge of assault with intent to murder Earl Crawford, a policeman of the City of Demopolis;

2) Case No. 5338, wherein he was accused of second degree burglary against the Braswell Hardware Company in Demopolis;

3) Case No. 5339, for larceny of $1500 from the Braswell Hardware Company; and

4) Case No. 5340, breaking and enter-ing the warehouse of Merchants Gro-cery Company with intent to steal (sec-ond degree burglary).

Wildman, advised by counsel, agreed in open court that the four cases be tried to-gether. The jury brought in four separate verdicts of guilty and the judge gave judg-ment and sentence on each verdict sepa-rately.

■■ We consider that there was no evi-dence to support Wildman's conviction of assault with intent to murder nor of the burglary of Merchants Grocery Company. Nelson v. State, 29 Ala.App. 121, 192 So. 594. We distinguish Tyra v. State, 17 Ala. App. 92, 82 So. 631, as to No. 5340.

■ Grand larceny and burglary are of the same kindred of crimes. Where the identical transaction is the foundation, a verdict of guilt of one excludes a like find-ing of the other. Lawson v. State, 33 Ala. App. 333, 33 So.2d 405.

Therefore, it was error to receive both of the verdicts arising from burglary and larceny at Braswell Hardware Company. See Lucas v. State, 144 Ala. 63, 39 So. 821, 3 L.R.A.,N.S., 412; Wilkerson v. State, 41 Ala.App. 265, 130 So.2d 348.

The defendant did not except to the oral charge. The court having failed to tell the jury that as to the two charges aris-ing from the breaking and entering of the Braswell Hardware Company only one con-viction (on the two indictments) was legally possible, made it incumbent upon himself (the court) to return the two verdicts for a choice by the jury. The constitutional bar of punishment beyond once for an act but once done was Judge Carr's reason in Law-son v. State, supra.

The judgments are reversed and the proceedings remanded to the circuit court.

Reversed and remanded.

## On Rehearing

The Attorney General contends that we should have affirmed the cases of assault with intent to murder and burglary of the Merchants Grocery Company because of three circumstances:

1. There was testimony that, on the aft-ernoon before the burglary, Wildman and another man were seen on a public street looking from the sidewalk in the direction of the window of the grocery company through which the witness said the company's vault was visible.

2. A shotgun identified as having been stolen from the hardware company on the same night was found in the grocery com-pany.

3. When the Mississippi police arrested Wildman, they found in the trunk of the automobile in which he was riding (but which—contrary to the State's brief—did not belong to him and which was not under his control) tools which, from paint scrapings and the like, the State Toxicologist concluded had been used to force entrance in the hardware company and the grocery company.

These, indeed, are suspicious circumstances. But, unlike the rule of possession of recently stolen goods, these facts are not such as, standing alone, would legally support a jury's verdict.

■ Emphatically, the scintilla rule does not apply in criminal cases. To tip the scale of justice, the State has the onus of more than mere balancing of probabilities. It must satisfy the mind beyond a reasonable doubt. Deal v. State, 31 Ala.App. 183, 13 So.2d 688; Ex parte Grimmett, 228 Ala. 1, 152 So. 263; Blue v. State, 246 Ala. 73, 19 So.2d 11.

■ Though Wildman was in bad company, yet neither burglary nor assault with intent to murder falls within the so-called status crimes (e. g., vagrancy) whereunder imputing guilt by association has some evidentiary scope. Toney v. State, 60 Ala. 97—"common prostitute"; Brannon v. State, 16 Ala.App. 259, 76 So. 991—gamblers, "birds of a feather."

## II.

As to the two Braswell Hardware Company cases, at the outset we should point out that the sole circumstance (other than matters of suspicion such as those referred to above) consisted of Wildman's having in his possession, when found in Mississippi along with the others in the flock, about $100.00 in currency. He also had coins (e. g., two Stone Mountain half dollars) which were identified as belonging to the hardware company and as having been missing from and after the discovery of the breaking and entering.

■ The possession of recently stolen goods can support a verdict based on this fact as an inference of guilt of larceny. Also, such will support an inference of burglary if there is also proof of breaking and entering so connected in time as to permit the further inference that the larceny was the product of the breaking and entering.

The Attorney General would have us disregard Lawson v. State, 33 Ala.App. 333, 33 So.2d 405, on the notion that guilt of larceny and burglary are not the same in law and hence the prosecution of one should not be a bar to the prosecution for the other.

To support this, a reliance is had upon the cases of Gordon v. State, 71 Ala. 315, Bowen v. State, 106 Ala. 178, 17 So. 335, and Smith v. State, 256 Ala. 444, 55 So.2d 208.

To find that which the court had to decide in the Gordon case, we examined the original record of our Supreme Court. George Gordon was convicted on a plea of guilty to stealing chickens of the value of $2.50—a misdemeanor. Later, when the grand jury saw fit to indict him for the breaking and entering of the chicken house, he pleaded autrefois convict, to which plea the State demurred on the ground that in law burglary and larceny were separable.

The demurrer to his plea having been sustained, Gordon, on trial, was found guilty and judgment given against him for the chicken house burglary. Thus, the court had before it solely a question of law as to whether or not a conviction of petty larceny, i. e., a misdemeanor, could preclude a subsequent trial for a felony committed to accomplish the simple larceny.

In Smith v. State, supra, Mr. Justice Stakely wrote that in the Bowen opinion it was stated "that larceny and burglary are not the same in law even though both indictments are founded on the same facts and that former jeopardy was no defense to being indicted subsequently and tried for grand larceny." Bowen and Smith each involved a subsequent trial after acquittal of another charge which was not necessarily embraced by its legal ingredients in the

former. Smith's first trial was for carnal knowledge of a girl under twelve: his second was for assault with intent to rape.

These cases concern themselves with that phase of double jeopardy evoked upon a plea of autrefois convict or autrefois acquit.

The Lawson case shows a single trial had and the question of a proper verdict and punishment is before the trial judge.

In the instant case, Wildman was confronted with two separate charges of felonies, i. e., second degree burglary and grand larceny. This was true in the Lawson case.

The Legislature, in adopting the 1923 Code, inserted in our statute law for the first 'time a provision which is now found in Code 1940, T. 15, § 287, which reads as follows:

> "§ 287. Any act or omission declared criminal and punishable in different ways by different provisions of law, shall be punished only under one of such provisions, and a conviction or acquittal under any one shall bar a prosecution for the same act or omission under any other provision."

Similar enactments are to be found in the statute law of Arizona, California, New York and Utah, and possibly in other jurisdictions.

California has expressly held in line with the Lawson case, that a single act constituting both burglary and grand theft can merit but one punishment. New York has held that a single act constituting burglary and assault merits but one period of penal servitude. People v. Oliver, 4 A.D.2d 28, 163 N.Y.S.2d 235.

As to burglary and larceny, New York, at the time of the enactment of its equivalent of § 287, supra, by other provisions of its statute law, expressly permitted separate punishments for burglary and stealing. The leading case in New York decided by that state's highest court is People ex rel. Maurer v. Jackson, 2 N.Y.2d 259, 159 N.Y.S.2d 203, 140 N.E.2d 282, 284, from which we excerpt the following:

"The single issue now presented is whether the imposition of *concurrent* sentences for assault in the first degree and attempted robbery in the first degree in this case violated the prohibition of double *punishment* contained in section 1938 of the Penal Law, * * *

\* \* \* \* \* \*

"It is clear that if separate and distinct acts were committed, and that they violated more than one section of the Penal Law, punishment for each of them would be proper although they arose out of a single transaction. * * It is also not open to dispute that if there were merely a *single inseparable act* violative of more than one statute, or if there were an act which itself violated one statute and was a material element of the violation of another, there would have to be single *punishment*. * * *

\* \* \* \* \* \*

"The determination by the Appellate Division that the imposition of concurrent sentences constitutes multiple punishment in violation of section 1938, although not without seeming support in some cases, is opposed to the purpose of that statute. * * *

\* \* \* \* \* \*

"The California courts, under the statute to which we have previously referred, take the position that the imposition of concurrent sentences where cumulative sentences could not be imposed still amounts to multiple punishment. The only reason given for categorizing the concurrent sentence as punishment is that it might adversely affect the prisoner's potential parole. People v. Craig, 17 Cal.2d 453, 458–459, 110 P.2d 403; People v. Kehoe, 33 Cal. 2d 711, 716, 204 P.2d 321. This is hardly a valid reason, for certainly parole boards would be familiar with the scope of the conviction and its included offenses, whether or not separate sentences were pronounced thereon. As opposed to this view, the Fed-

eral cases have long recognized that the imposition of concurrent sentences does not add to the defendant's punishment, Hirabayashi v. United States, 320 U.S. 81, 85, 63 S.Ct. 1375, 87 L.Ed. 1774; Brooks v. United States, 267 U.S. 432, 441, 45 S.Ct. 345, 69 L.Ed. 699; Pierce v. United States, 252 U.S. 239, 252, 40 S.Ct. 205, 64 L.Ed. 542; Maxfield v. United States, 9 Cir., 152 F.2d 593, 595; Fitzpatrick v. United States, 7 Cir., 87 F.2d 471, 472; White v. United States, 9 Cir., 16 F.2d 870, 871.

\* \* \* \* \* \*

"\* \* \* section 1938 does not forbid convictions nor concurrent sentences as such—only *punishment*. When the shorter sentence runs concurrently with the longer, there is no punishment for the shorter; it does not inflict upon a defendant any additional restraint or detention. He is expressly protected by subdivision 3 of section 1941 from having the offenses count cumulatively in determining his status as a multiple offender. The claim of possible detriment to a defendant in a subsequent case of having a long list of sentences is not valid. If the California practice were to be adopted, then there would nevertheless be a recital of *all* the defendant's criminal acts in a single sentence. In any event, the *conviction* of the relator here for assault in the first degree must stand; there is no issue as to its validity; the defendant pleaded guilty. All that is at issue is his proper *sentence*. Removal of a concurrent sentence from his record will in no way remove the mark or dim the fact of relator's conviction of the crime of assault with intent to kill.

"Another important factor should not be overlooked. Where a criminal act which is a composite of several included offenses is followed by a multiple count indictment, and convictions are obtained on more than one count, the imposition of concurrent sentences for lesser included offenses insures that the defendant will not go unpunished if there is an error in his conviction for the highest degree of offense resulting in an acquittal as to that count.

"It is clear that the problem before us may not very readily be solved halfway. Either a defendant may or may not be prosecuted to a final judgment for several related crimes in a single indictment. Were a prosecutor required to elect on which crime to proceed, the problem would be solved at the outset. New York, however, has chosen to provide otherwise.

"Section 279 of the Code of Criminal Procedure authorizes the joinder of related crimes in separate counts in a single indictment. Section 279–a expressly provides that 'the people shall not be required to elect between the counts of any indictment' except in the court's defined discretion. Our courts have so held. People ex rel. Prince v. Brophy, 273 N.Y. 90, 6 N.E.2d 109; People v. Sullivan, 173 N.Y. 122, 65 N.E. 989, 63 L.R.A. 353. There necessarily results, in the ordinary case, a conviction or an acquittal. \* \* \*"

In California there are two leading cases, Neal v. State, 55 Cal.2d 11, 9 Cal.Rptr. 607, 357 P.2d 839, and a case involving directly a conviction of burglary by means of inference from possession of recently stolen goods, People v. McFarland, 58 Cal.2d 748, 26 Cal.Rptr. 473, 376 P.2d 449. From this latter case, we quote as follows:

"It was error to impose sentences for both burglary and grand theft upon defendant with respect to the taking of the air compressor from inside a hospital. Section 654 of the Penal Code provides in part, 'An act or omission which is made punishable in different ways by different provisions of this Code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other.'

"The principles governing the application of section 654 were clarified by this court in Neal v. State of California, 55 Cal.2d 11, 18 et seq., 9 Cal.Rptr. 607, 357 P.2d 839. It was there pointed out, upon an analysis of several earlier decisions, that the prohibition of the statute against double punishment applies not only where 'one "act" in the ordinary sense' is involved but also where there is a 'course of conduct' which violates more than one statute and comprises an indivisible transaction punishable under more than one statute within the meaning of section 654; that the divisibility of a course of conduct depends upon the intent and objective of the defendant; and that if all the offenses are incident to one objective, the defendant may be punished for any one of them but not for more than one. (See also Seiterle v. Superior Court, 57 [Cal. 397] A.C. 436, 439, 20 Cal.Rptr. 1, 369 P.2d 697.) It was held in Neal that, where arson is the means of attempting murder and is merely incidental to the primary objective of committing murder, the defendant cannot be punished for both arson and attempted murder.

\*      \*      \*      \*      \*      \*

"On the basis of other out-of-state decisions which have been called to our attention it cannot properly be said that there is a majority rule or a trend of decision with respect to how a statute such as section 654 should be applied. Except for decisions from New York, Arizona, and Utah, none has involved such a statute. The lower court cases in New York seem to be in conflict (compare People v. Savarese, 1952, 1 Misc.2d 305, 114 N.Y.S.2d 816, 835–836, with People v. Zipkin, 1952, 202 Misc. 552, 118 N.Y.S.2d 697, 698–699), and what appears to be the leading case in that state, People [ex rel. Maurer] v. Jackson, 2 N.Y.2d 259, [159 N.Y.S.2d 203], 140 N.E.2d 282, is consistent with the California rule. The New York court was careful to stress that the 'single issue' before it was whether the statute against double punishment was violated by the imposition of 'concurrent sentences' (italics in the original), and the decision rests largely on the ground that concurrent sentences can never constitute double punishment. ([159 N.Y. S.2d at pp. 205–206, 207–209], 140 N.E. 2d at pp. 284, 286 et seq.) Moreover, there is considerable language in the opinion indicating that whether two crimes are committed with the same or different intent is of great importance. ([159 N.Y.S.2d at pp. 206–209], 140 N.E.2d at pp. 285–286.) The Arizona court, in State v. Hutton, 87 Ariz. 176, 349 P.2d 187, 188–189, although reasoning that consecutive sentences for burglary and theft could be imposed under the statute, held that only concurrent sentences should be imposed in the interests of justice. The Utah case of State v. Jones, 13 Utah [2d] 35, 368 P.2d 262, which considered a statute like section 654, based its conclusion in part on the authority of a prior Utah decision, Rogerson v. Harris, [111 Utah 330] 178 P.2d 397, 399, *without recognizing that the earlier decision had involved a statute which was quite different from the one before us.* (Italics added.)

"The evidence, as we have seen, is sufficient to support convictions both of burglary and of grand theft with respect to the taking of the air compressor from the hospital. The inference which the jury was permitted to draw in that regard was that defendant entered the hospital with intent to steal and that the taking of the air compressor was the culmination of that intent. *The record contains nothing indicating that he entered the hospital with intent to commit some crime other than theft.* (Italics added.) In these circumstances the only reasonable conclusion is that the entry of the hospital and the taking of the air compressor were parts of a

continuous course of conduct and were motivated by one objective, theft; the burglary, although complete before the theft was committed, was incident to and a means of perpetrating the theft.

\* \* ·· \* \* \*

"With respect to the procedure to be followed on appeal where double punishment has been erroneously imposed, it should be stressed that section 654 proscribes double punishment, not double conviction; conduct giving rise to more than one offense within the meaning of the statute may result in initial conviction of both crimes, only one of which, the more serious offense, may be punished. (People v. Chessman, 52 Cal.2d 467, 497, 341 P.2d 679.) The appropriate procedure, therefore, is to eliminate *the effect of the judgment* as to the lesser offense insofar as the penalty alone is concerned. \* \* \* (Italics added.)

"Of the two offenses involved here, second degree burglary is the one subject to the greater punishment. (Pen. Code, §§ 461, 489.) Accordingly, it is necessary to reverse the judgment insofar as it relates to punishment for grand theft."

We believe the comment of the majority opinion in McFarland v. State, supra, sufficiently demonstrates the weaknesses inherent in the opinions of the Utah and Arizona courts therein referred to. That the highest courts of New York and California appear in substantial agreement as to modification of common law by such statutes, we consider to be highly persuasive.

Moreover, this court has expressly relied upon § 287, supra, insofar as the second clause of the section refers to double jeopardy. Crosswhite v. State, 31 Ala.App. 181, 13 So.2d 693, wherein the court, after pointing out that the trial court was in error for sustaining the prosecution's demurrer to a plea of former jeopardy, went on to say of the section of instant concern, "[t]his law does not permit a single crime to be subdivided into two or more offenses, *nor* can a series of charges be based upon the same act." (Italics added.)

This section has come into our law since the Gordon and Bowen cases. Hence, we believe that the construction of the courts of the states which have long administered their criminal procedure under such statutes, while not a part of our received law, nevertheless affords logical reason to believe that the legislature and courts of California and New York thought the common law and constitutional principles against double jeopardy needed reinforcement to prevent the splitting or separating of common law crimes.

Accordingly, we conclude that the opinion Lawson v. State, supra, is correct. As to Wilkerson v. State, 41 Ala.App. 265, 130 So.2d 348, it is to be noted that there the act of the defendant was an assault. Under the evidence we reversed because there was only a single attack upon the prosecutrix and hence could not support a dividing of the single physical act into two crimes merely because there might have been mental aspects, i. e., one of intent to rape and the other of intent to murder.

So analyzed, the Wilkerson case stands for the principle against splitting charges, whereas the instant case is one of double punishment where the evidence of intent would support an inference of two crimes.

█ Here, as in the Lawson case, the punishment for both second degree burglary and grand larceny are within the power of the trial judge. Accordingly, it is only necessary, as it was in Lawson, to remand the two cases for proper sentence under one or the other of the judgments of conviction.

█ As the California court, we believe applicability of this statutory prohibition against double punishment should be applied in cases of burglary and larceny only where the uncontradicted evidence of the completed act of larceny stands alone to support the allegation of the prisoner's intent when he entered the premises into which he had broken.

Accordingly, ex mero motu, we modify our judgment given on original deliverance with respect to Circuit Court Cases No. 5338 and No. 5339 for proper sentencing herein indicated. Otherwise, those two convictions should stand affirmed.

The application for rehearing not embracing this question is not well taken.

Judgment on original deliverance modified as to Circuit Court Cases No. 5338 and No. 5339 to provide for affirmance of conviction but with remandment for proper sentencing.