■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN HARRIS, Also Known as BRUCE HARRIS, Appellant.—Judgment, Supreme Court, Bronx County, rendered on March 31, 1975, convicting the defendant, after trial before Callahan, J., and a jury, of the crimes of robbery in the first degree, burglary in the first degree and possession of a weapon as a misdemeanor, reversed, on the law and on the facts, and new trial directed. In this close case, which was the subject of a brief trial, at which defendant did not testify in his own behalf, the defendant was denied his right to a fair trial by virtue of the testimony of the arresting officer regarding his prior criminal record. Shortly after being called as a witness for the prosecution that officer testified as follows: "Q. You were looking for Marvin Harris? A. That's correct. And on numerous occasions we drove by the intersection, 169, just off Boston Road, where the subject gave his last address *when he was previously arrested."* (Emphasis supplied.) Counsel's immediate application for a mistrial was denied and the court struck the answer from the record, merely instructing the jury to "disregard it". At the very least the situation called for clearer cautionary instructions from the court, but none was given. Moreover, the court erred in permitting the arresting officer to testify over defense counsel's objection that the descriptions originally given by the complainant "fit the appearance of defendants". This improper bolstering of the complainant's identification of defendant was compounded by the prosecutor in his summation. Concur—Markewich, J. P., Murphy, Lupiano and Capozzoli, JJ.; Nunez, J., dissents in the following memorandum: Nunez, J. (dissenting). I would reverse defendant's conviction for possession of a weapon and dismiss this count as being inclusory and concurrent with the crime of robbery. *(People v Pyles,* 44 AD2d 784.) However, I would otherwise affirm the judgment. The police officer's answer that he had been looking for the defendant at a certain location, "where the

subject [defendant] gave his last address when he was previously arrested", was not responsive to the District Attorney's question. It seems to have been an isolated, inadvertent slip of the tongue by the witness who should have known better. However, the court immediately struck the offensive answer and instructed the jury to disregard it. We must assume that the jury obeyed the court's mandate and that the remark had been long forgotten by the jury when it began deliberations. In my view the defendant received a fair trial. By no stretch of the imagination can it be reasonably said that if not for the two minor errors upon which the majority reverses, defendant would have been acquitted. *(People v Crimmins,* 36 NY2d 230.)