■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J., Appellant.—Judgment of conviction after trial by a jury, Supreme Court, Bronx County, rendered May 30, 1975, unanimously reversed, on the law, and as a matter of discretion in the interest of justice, and the case remanded for a new trial. Defendant-appellant, not having been apprehended for some time after the alleged crime, identification was an important issue, particularly as there was but one eye-witness. Thus, when defendant was brought into the witness' presence in handcuffs and was identified by his accuser, the policeman who observed this scene should not have been permitted to describe it in his testimony. (See *People v Trowbridge,* 305 NY 471.) Nor should other police officers have been permitted to testify to the description, which fit the defendant, given to them on the day of the crime by its victim. (See *People v Harris,* 52 AD2d 560; *People v Oliver,* 4 AD2d 28.) It cannot be said that these two erroneously admitted pieces of bolstering evidence, particularly in tandem, can be deemed to have been harmless. Concur—Markewich, J. P., Murphy, Lupiano, Birns and Nunez, JJ.