■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD WATSON, Appellant.—Judgment, Supreme Court, Bronx County, rendered March 31, 1975, convicting the defendant after a jury trial of the crimes of robbery in the first degree, burglary in the first degree, and possession of a weapon as a misdemeanor, reversed, on the law and as a matter of discretion in the interest of justice, and a new trial directed. The defendant, Donald Watson, together with two accomplices, was alleged to have robbed at knifepoint one Warren Bryant, a night manager of a transient hotel, and burglarized his room, removing a television and a radio. Watson and one accomplice, Marvin Harris, were apprehended and ultimately convicted after a joint trial. In *People v Harris* (52 AD2d 560), a majority of this court held that Harris (Watson's codefendant) had been denied a fair trial on the basis of two errors: (1) a remark from the arresting detective stating that he had gone in search of Harris to the address last given by Harris when he was previously arrested; and (2) a statement by the arresting detective that the descriptions given by Bryant "fit the appearance of the defendants." It cannot be successfully argued that the remark about Harris' prior arrest did not prejudice Watson. The two men were being tried together for one criminal act. In the minds of the jurors, the two men must have appeared as a single unit in view of Bryant's testimony. When the jury discovered that Harris had an arrest record, it is reasonable to conclude that this fact tainted its view of Watson. It is a simple matter of "guilt by association." Moreover, this court's major objection in *Harris* was that the trial court failed to provide sufficient curative instruction once the detective had blurted out this fact. It would not be improbable for the jury to surmise that the court was "covering up" Harris' prior arrest and that it was doing the same in regard to Watson. Concur—Murphy, J. P., Birns, Capozzoli and Lane, JJ.; Nunez, J., dissents and would affirm.