BOWEN, Judge.
The defendant was indicted and convicted for assault with intent to murder a twenty-one year old mentally retarded black female. Sentence was ten years’ imprisonment. The defendant, in a separate trial, had been convicted for rape of this same individual. Sentence in that case was life imprisonment.
The evidence in this case is similar to that presented in the rape case. Hughes v. State, Ala.Cr.App., 385 So.2d 1010 (1980).
I
The defendant contends that his pri- or conviction for rape barred his trial for assault with intent to murder under the principles of former jeopardy. Despite the State’s insistence, the defendant’s plea was timely. Barnett v. State, 373 So.2d 1226 (Ala.Cr.App.), cert. denied, 373 So.2d 1230 (Ala.1979).
A plea of former jeopardy is unavailing unless the offense presently charged is precisely the same in law and on fact as the former one relied on under the plea even if both cases are founded on the same facts but the crimes charged are not the same in law. Racine v. State, 291 Ala. 684, 286 So.2d 896 (1973); Brown v. State, 367 So.2d 557 (Ala.Cr.App.), cert. denied, Ex parte Brown, 367 So.2d 559 (Ala.1978); Beckley v. State, 357 So.2d 1022 (Ala.Cr. App.1978).
Assault with intent to murder and rape involved separate and distinct intents and actions. The State did not split a single offense into two or more parts and convict the defendant for each separate part. Compare Wilkerson v. State, 41 Ala.App. 265, 130 So.2d 348, cert. denied, 272 Ala. 712, 130 So.2d 350 (1961). This is not a case of two offenses being predicated upon a single assault. The defendant’s two convictions do not violate the principles expressed in Whalen v. United States,-U.S.-, 100 S.Ct. 1432, 64 L.Ed.2d 715 (1980).
II
The defendant contends that his requested charge number three should not have been refused by the trial judge. That charge reads:
“The Court charges the Jury that if they believe from the evidence that defendant and one Johnson were at the scene of the crime morning the shooting is said to have been done, and an offense was committed by one of them from causes having no connection with the common object for which they happened to be there, the responsibility for such offense rests soley (sic) on the actual perpertrator (sic) of the crime, and the Jury cannot find defendant guilty simply because he happened to be present at the time the offense was committed.”
Since a written instruction must be given or refused in the terms in which it is tendered, a requested charge that contains a misspelled word or a verbal inaccuracy is properly refused. Bascom v. State, 344 So.2d 218, 222 (Ala.Cr.App.1977). Additionally, the requested charge contains two related principles of law. Where a requested charge states several distinct propositions of law, the court may properly refuse it if one of them is fully covered in its oral instructions to the jury. Nolen v. State, 376 So.2d 1145, 1147 (Ala.Cr.App.), cert. denied, 376 So.2d 1148 (Ala.1979). Here the trial court instructed the jury:
“The mere presence without motive, the mere presence without this pre-arrangement can be formed in a flash, but it is necessary. Just being there without that pre-arrangement is not enough.”
For each of these two reasons, the refusal of the defendant’s requested charge was not error.
We have searched the record as required by law and found no preserved error prejudicial to the defendant. He received a fair *1017 trial and the judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.